STATE OF MARYLAND, use of LAURA V. ALLEN and WILLIAM T. ALLEN vs. PITTSBURGH AND CONNELLS-VILLE RAIL ROAD COMPANY.

*No Action maintainable in this State against a Rail Road Company for Damages resulting from Death by negligence, where the act complained of was Committed in another State—Code, Art. 65, secs. 1 and 2. No presumption in regard to what is the Statute law of another State.*

The Code, Art. 65, secs. 1 and 2, gives a right of action whenever the death of a person shall be caused by the wrongful act, neglect or default of another, "and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof." In an action under this statute against a corporation operating a railroad lying partly in Maryland and partly in Pennsylvania, chartered by the laws of both States, brought in this State for the use of the widow and infant child of a deceased person, who was killed while in the employment of the defendant, by an accident occurring in Pennsylvania, it was HELD :

1st. That this statute did not apply to the case of a wrongful act or neglect occurring in another State, whereby death had been caused.

2nd. That in the absence of anything to the contrary, the presumption was that the common law prevailed in the State where the alleged wrong was done, and the Courts here acting upon that presumption afforded the common law remedy for the injury complained of.

3rd But that no such presumption obtained respecting the positive statute law of the State.

4th. That it was immaterial that the deceased was a citizen of this State at the time of his death.

State, use of Allen *vs.* Pitts. & Conn. R. R Co.

The case of *The Northern Central Railway Company vs. Scholl,* 16 *Md.,* 331, distinguished from this case on the ground that the wrong complained of in that case was in violation of a right that the wrong-doer was bound to respect everywhere within the limits of the United States, and therefore the case involved no consideration of the mere local law of Pennsylvania.

APPEAL from the Circuit Court for Allegany County.

The appeal in this case was taken by the plaintiffs from the action of the Court below overruling their demurrer to the defendant's plea and quashing the writ.   The case is stated in the opinion of this Court.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, GRASON, ALVEY and ROBINSON, J.

*Thomas E. Gonder* and *A. H. Blackiston,* for the appellants.

The appellee is a corporation chartered by the State of Maryland, and under its charter may sue and be sued. *Act of* 1853, *ch.* 88.   And by sec. 14 of said Act, " said Company shall keep in the county of Allegany, in this State, a director, officer or other agent of said Company, and if any legal proceedings shall be commenced against said Company in Allegany County, or in the United States Courts in this State, legal process in such proceedings may be served on such director, officer or agent, and such service shall be a good and sufficient service on said Company for all purposes whatsoever."

A personal *tort* committed against a citizen of Maryland in another State may be redressed by action against the wrong-doer in the Courts of Maryland, whenever he comes within its limits.   *Northern Central R. W. Co. vs. Scholl's Adm'r,* 16 *Md.,* 331.   If Thomas Allen had lived, after the injury received, and he could have shown negligence on the part of the appellee or its agents which caused his injury, there is no doubt that he would have had a clear right

to sue and maintain his suit against the appellee in this State, but unfortunately he died, and any suit against the appellee by him was forever precluded. The laws of Maryland, however, enacted for the benefit of its citizens, step in and in effect say, that the wrong-doer shall not escape, and although the injured party is dead the right of action shall survive him for the injury done, and his widow and helpless children shall be compensated, so far as money can compensate them for the wrong and injury done their husband and father, no matter where it happens. This is the plain meaning and purpose of Art. 65 of the Code.

In all actions for injuries *ex delicto*, to the person, or to personal property, the venue is in general transitory and may be laid in any county, though committed out of the jurisdiction of the Court or out of the State. *Northern Central Railway Co. vs. Scholl's Adm'r*, 16 *Md.*, 331.

The injury complained of in the case at bar is an injury to the person arising *ex delicto*, hence the case in 16 *Md.*, 331, is applicable, and the Court below erred in overruling the appellant's demurrer and quashing the writ.

*R. Chew Jones*, for the appellee.

This action cannot be maintained at Common law, because it is a well settled principle of the Common law that all rights of action for injury to the person dies with the person.

The appellants therefore base their claim solely upon the Maryland statute. *Code, Art.* 65, *secs.* 1 *and* 2 ; *Whitford vs. Panama R. R. Co.*, 23 *N. Y.*, 465, 478 ; *Shearman & Redfield on Negligence, secs.* 290, 295 ; *Crowley vs. Panama R. R. Co.*, 30 *Barbour*, 99 ; 2 *Hilliard on Torts*, 501, *note c; Yerton vs. Wisewall*, 16 *Howard*, (*N. Y.*,) 8 ; *Blake vs. Midland R. R. Co.*, 10 *Eng. Law and Eq.*, 442 ; *Safford vs. Drew*, 3 *Duer*, 638.

The accident, injury and death, all occurred in the State of Pennsylvania, and the Maryland statute, giving a right

of action where the wrongful act results in death, *does not and cannot apply to acts done out of the State, and this on the ground that statutes have no extra-territorial force.* *Whitford vs. Panama R. R. Co.,* 23 *N. Y.,* 465, 484; *Vandeventer vs. N. Y. & N. H. R. R. Co.,* 27 *Barbour,* 244, 247; *Crowley vs. Panama R. R. Co.,* 30 *Barbour,* 99, 110; *Woodward vs. M. S. & N. Ind. R. R. Co.,* 20 *Ohio State,* 121; *Richardson vs. N. Y. Centl. R. R. Co.,* 98 *Mass.* 85; *Needham vs. Grand Trunk R. R. Co.,* 38 *Vermont,* 294, 307; *Great Western R. R. Co. vs. Miller,* 19 *Mich.,* 305.

The Maryland statute gives *a new right* and not merely a new remedy. *Blake vs. Midland R. R. Co.,* 10 *Eng. Law & Eq.,* 443.

The jurisdiction of the Court depends upon the *place of the* accident, and not the place of the death, and in the case at bar both occurred in the State of Pennsylvania. *Crowley vs. Panama R. R. Co.,* 30 *Barbour,* 99, 106; *Needham vs. Grand Trunk R. R. Co.,* 38 *Vermont,* 294, 307.

Jurisdiction of the person of the defendant does not include jurisdiction of the subject-matter of the action. *Crowley vs. Panama R. R. Co.,* 30 *Barbour,* 106; *Whitford vs. Panama R. R. Co.,* 23 *N. Y.,* 465, 480.

ALVEY, J., delivered the opinion of the Court.

This is an action brought in the name of the State, as legal plaintiff, for the use of the widow and infant child of Thomas Allen, deceased, who was killed while in the employment of the defendants, as fireman on a locomotive engine, in January, 1874. The action is brought under the 65th Article of the Code, secs. 1 and 2, which gives a right of action whenever the death of a person shall be caused by the wrongful act, neglect or default of another, "and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damage in respect thereof." The

State, use of Allen *vs.* Pitts. & Conn. R. R. Co.

action is required to be brought in the name of the State, for the benefit of the wife, husband, parent, or child, as the case may be, of the person whose death shall have been so caused; "and in every such action, the jury may give such damages as they may think proportioned to the injury resulting from such death *to the parties respectively for whose benefit such action shall be brought,* and the amount so recovered, after deducting the costs not recovered from the .defendant, shall be divided amongst the above mentioned parties, in such shares as the jury by their verdict shall find and direct."

The declaration makes all proper averments to entitle the plaintiffs to maintain the action under the statute; but the defendants have pleaded that the accident and injuries to the deceased, resulting in his death, "happened and occurred in the State of Pennsylvania, and beyond the territorial limits of the State of Maryland." To this plea the plaintiffs demurred; and in connection with the issue of law thus presented, it is admitted by agreement, that both the injury to and the death of Allen occurred in the State of Pennsylvania, and that, at the time of such injury and death, the deceased was a citizen and resident of this State, in the employ of the defendants.

The defendants were incorporated by Acts of the Legislatures of this State and of the State of Pennsylvania, and operate their railroad leading from the city of Cumberland, in Maryland, to the city of Pittsburgh, in Pennsylvania.

The question presented is, whether the statute of this State, under which the present action is brought, embraces and can be made to apply to the case of a wrongful act or neglect occurring in another State, whereby death has been caused? The Court below overruled the demurrer, and gave judgment for the defendants, and that judgment, we think, is sustainable both upon reason and authority.

It is very true, as a general proposition, that actions for injuries, *ex delicto,* to the person, or to personal property,

are transitory, and the venue may be laid in any county, though the wrong be committed out of the jurisdiction of the Court, or beyond the territorial limits of the State. *Northern Central R. Co. vs. Scholl*, 16 *Md.*, 331. But when the wrong has been actually committed in a foreign jurisdiction, the action is maintained here upon certain well defined presumptions of law, which cannot apply in a case like the present.   When a party who has suffered a · personal injury, or injury to his personal property, in another State, and seeks redress against the wrong-doer here, he brings with him from the foreign jurisdiction his cause of action ; and the Courts here entertain his appeal for redress upon the assumption that the act complained of was a wrong by the laws of the State where committed.    If not an actionable wrong there, it would be contrary to all reason that it should be made one, by simply invoking redress of the Courts here.    If that could be done, it would be in the power of one State to prescribe rules, no matter how arbitrary, to govern persons and things in another State ;  and thus contravene the fundamental principles, maintained by all nations, that every independent State has an exclusive right to regulate persons and things within its own territorial limits, and that the laws of a State or country, "can have no intrinsic force, *proprio vigore,* except within the territorial limits and jurisdiction of that country."    *Sto. Conf. L., secs.* 7, 22.

In the absence of anything to the contrary, the presumption is that the common law prevails in the State where the alleged wrong was done, and the Courts here, acting upon that presumption, afford the common law remedy for the injury complained of.    But as was said by DENIO, J. in *Whitford vs. Panama R. Co.,* 23 *N. Y.,* 468, "no such presumption obtains respecting the positive statute law of the State.    There is, generally, no probability, in point of fact, and there is never any presumption of law, that other States or countries have established, precisely or substan-

tially, the same arbitrary rules which the domestic Legislature has seen fit to enact." This presumption, as to the prevailing existence of the common law, is indulged upon principles of comity and general convenience; but the Courts here will never apply to acts done in a foreign jurisdiction, which may not be unlawful there, the arbitrary rules that shall have been prescribed by our Legislature, with respect to rights and remedies, wholly at variance with the settled rules of the common law. Indeed, it is not to be supposed that the Legislature ever intended that the statute should apply to acts of the nature mentioned, if committed beyond the limits of the State.

Now, it is not pretended here that this action is maintainable at the common law. The principle upon which it is founded is wholly at variance with the settled rules of that system of jurisprudence.

The right of action is given, not to the personal representative of the deceased, but to the State, for the benefit of the widow or husband, as the case may be, and certain named next of kin. The recovery does not constitute assets of the deceased's estate, but is allowed exclusively in respect of the pecuniary loss that the parties, for whose use the action is brought, may have sustained. It is clear, therefore, that the statute gives to the parties named an entirely new right of action, founded on principles quite different and distinct from those known to the common law. *Blake vs. The Midland R. Co.*, 10 *Eng. L. & Eq*, 443. And such being the *right* and the *remedy* prescribed by the statute, it is clear that the acts complained of, having been committed beyond the jurisdiction of the State, were not made tortious and actionable by that statute, and therefore not within the remedy afforded by it; and it is quite immaterial that the deceased was a citizen of this State at the time of his death.

The question, arising on statutes in many respects similar to our own, as to the right to maintain the action,

in one form or another, in a jurisdiction other than that in which the injury was received by the deceased, has been considered and thoroughly discussed by several State Courts of high authority, and in all the cases where the question has been considered by the Courts of last resort, the decision has been adverse to the right of maintaining the action. Such has been the decision in New York, Massachusetts, Vermont, Ohio and Georgia, as will appear by reference to *Whitford vs. Panama R. Co.*, 23 *N. Y.*, 465; *Beach vs. Bay State Co.*, 30 *Barb.*, 433; *Richardson vs. N. Y. Central R. Co.*, 98 *Mass.*, 85; *Needham vs. Grand Trunk R. Co.*, 38 *Vt.*, 295; *Woodward vs. The Railw. Co.*, 10 *Ohio St.*, 121, and *Selma R. Co. vs. Lacy*, 43 *Geo.*, 461. And the result of all the authorities upon the question is briefly but clearly stated by *Shearman and Redfield*, in their work on *Negligence*, (*3rd Ed.*,) *sec.* 296, where it is said: "The operation of these statutes is limited to the territory of the States which have enacted them. No action can be maintained upon one of these statutes if the deceased person received the fatal injury at a place not within the limits of the State by which such statute was enacted, whether such place be in another State, or upon the high seas. It makes no difference in this respect that both parties to the injury were citizens of the State by which the statute was enacted, or that the wrong-doer was a corporation chartered by that State, or that the negligence causing the injury was a breach of a contract entered into in that State. And it has been held, in Massachusetts, that no action will lie upon such a statute outside of the State enacting it." For these several propositions authorities are cited.

The case of the *Northern Central R. Co. vs. Scholl*, 16 *Md.*, 331, relied on by the plaintiffs, has no application to this case. That was a common law action, for injury to the right of personal property, under the protection of the Constitution and laws of the United States. Though

the wrong was done in Pennsylvania, it was in violation of a right that the wrong-doer was bound to respect everywhere within the limits of the United States, and therefore the case involved no consideration of the mere local law of Pennsylvania.

The judgment of the Court below must be affirmed.

*Judgment affirmed.*