Hyde, Adm'r, v. The Wabash, St. Louis & Pacific R'y Co.

---

HYDE, ADM'R, v. THE WABASH, ST. LOUIS & PACIFIC R'Y CO.

| 61 | 441 |
| 114 | 145 |
| 61 | 441 |
| f115 | 313 |
| 61 | 441 |
| f130 | 309 |
| 130 | 310 |

1. **Action**: SURVIVAL OF: INJURY RESULTING IN DEATH: LAW OF PLACE CONTROLS. The right of recovery for an injury resulting in death exists only by reason of the law of the place of the injury. Accordingly, where plaintiff alleged that his intestate was killed through the negligence of defendant, in the state of Missouri, but failed to show that by the laws of that state an action could be maintained for such injury by the administrator, it was held that such action could not be maintained in this state.

*Appeal from Mills Circuit Court.*

SATURDAY, JUNE 16.

ACTION for a personal injury. The plaintiff alleges in his

petition, in substance, that he is the administrator of the estate of J. W. Hyde, deceased; that the defendant is engaged in the business of a common carrier, and as such is running its trains from Malvern, Mills county, Iowa, to some point in the state of Missouri; that in November, 1879, the defendant received from one Wearen certain live stock at its station at Malvern for transportation; that the plaintiff's intestate was engaged in aiding said Wearen in the transportation of said stock, and in taking the proper care and management thereof; that the defendant, in consideration of the benefits to be derived from the contract entered into between it and Wearen for the transportation of the stock, authorized the plaintiff's intestate to take passage on the same train on which the stock was being conveyed; that the defendant so carelessly ran its said train while crossing a bridge over the Missouri River at St. Charles, Missouri, that a portion of the train was thrown from the track, and the plaintiff's intestate was instantly killed.

To the petition so averring, in substance, the defendant demurred, upon the ground that "the petition shows that the death of said J. W. Hyde occurred in the state of Missouri, and fails to show that, under the laws of Missouri, the plaintiff is entitled to maintain an action on account of said death." The court sustained the demurrer, and, the plaintiff electing to stand upon his petition, the court entered judgment against him for costs, and he now appeals.

*J. H. Keatly* and *Hale, Stone & Proudfit*, for appellant.

*H. H. Trimble & Son*, and *D. H. Soloman*, for appellee.

ADAMS, J. At common law no action can be maintained for an injury resulting in death. *Baker v. Bolton*, 1 Camp., 493; *Carey v. Berkshire R. R. Co.*, 1 Cush., 475.; *Palfrey v. Portland, Saco & Portsmouth R. R. Co.*, 4 Allen, 55. The injury in this case resulting in death, no action can be

maintained for it, unless by reason of a statute. So far, we presume, there is no controversy.

The plaintiff does not aver that there is any statute of Missouri giving him a right of action, and we presume that he does not rely upon such statute. He shows, indeed, by his argument that he relies upon a statute of Iowa. The question presented, then, is as to whether the action can be maintained under the statute of Iowa.

The statute which we understand the plaintiff to rely upon is section 2525 of the Code, and is in these words: "All causes of action shall survive, and may be brought notwithstanding the death of the person entitled to or liable for the same." The plaintiff contends that the question as to whether an action survives pertains to the remedy, and must be governed by the law of the place of the court. He contends, therefore, that it is immaterial where the action arose; that, wherever it arose, the words of the statute are broad enough to cover it, and that, if the court had construed them according to their plain import, it would have been so held.

But, in our opinion, there is a question involved deeper than one pertaining merely to the remedy. Where a cause of action does not survive, it is to be treated the same as if it never arose. The cause of action in this case arose, if anywhere, in Missouri, but, if it did not survive in Missouri, and if the courts of that state would treat it as if it never arose, we think it would be improper for the courts of this state to treat it as if it did. An act which, done in Missouri, does not create a liability in that state, would not create a liability anywhere.

Again, if the cause of action survives, it must survive to some person or persons. A cause of action which survives only by statute, must survive to the person or persons designated by statute. Now, suppose that, by a statute of Missouri, the cause of action in this case (as we understand the fact to be) survives to the intestate's wife, if he left one, and, if not, to his minor child or children, or father and mother,

as the case may be. If such is the fact, it could not properly be held to have survived under the statute of Iowa to the personal representative. The company should not be subjected to more than one liability for the same act. Yet it is difficult to see how a recovery in Iowa would, under the supposition made, bar a recovery in Missouri.

In some states the measure of liability is fixed; in others it is limited; in others still, as in this state, it is unlimited. This consideration alone would be a strong reason for allowing a recovery only in accordance with the law of the place of the injury. It is unnecessary to elaborate. That a right of recovery for such injury exists only by reason of the law of the place of the injury, has been held in *Whitford v. Panama R. R. Co.*, 23 N. Y., 465; *State, for the use of Allen, v. Pittsburgh & Connellsville R. R. Co.*, 45 Md., 41; *Hover v. Penn. R. R. Co.*, 25 Ohio St., 667. See also Story on Con. of Laws, section 307. And even where a right of recovery is given by a statute of the state where the injury occurred, it has been held that no courts except those of such state can enforce the law. *Richardson v. N. Y. Cen. R. R. Co.*, 98 Mass., 85; *Woodard v. M. S. & N. Ind. R. R. Co.*, 10 Ohio St., 121.

The plaintiff contends, however, that if it should be conceded that the rules above expressed are applicable to an action based wholly upon tort, they are not applicable to this. He contends that his intestate had a contract with the company; that the contract, implied from the circumstances under which he took passage, was to carry him safely, and that, such contract not having been performed, a right of action accrued to his intestate at common law, which can be enforced anywhere.

It is not to be denied, we think, that the petition shows that the intestate had at the time he took passage a contract with the defendant to carry him safely. Whether, if the petition showed such contract subsisting at the time of the injury, it would show a right of recovery, we need not deter-

mine.   It does not show such contract subsisting.   It is not averred for what place the intestate took passage, nor even what the destination of the stock was.   It is true, the petition contains an averment that the intestate, when injured, was in a car where he had a right to be, but this is a mere conclusion.

In our opinion, the demurrer was properly sustained.

AFFIRMED.