M. F. HAMILTON v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY.

1. PERSONAL INJURIES; *Death; Damages; Action; Missouri Statute.* Under a statute of Missouri authorizing an action to recover damages for injuries to a person, resulting in death, the right of action is in the husband or wife of the deceased for six months after the death, after which time the right vests absolutely in the surviving minor children, if there are any. The right thus conferred is a conditional one, and the plaintiffs in such action must bring themselves clearly within the prescribed conditions necessary to confer the right of action.

2. PRACTICE—*Death in Missouri—Action in Kansas.* Where the wife of a person killed in Missouri brings an action in Kansas to recover damages under a Missouri statute, it must appear that the injury was actionable in Missouri, where it occurred, before an action can be maintained for such an injury here; and where it is alleged that the deceased left minor children surviving him, and the plaintiff's pleading fails to show that the suit was instituted within six months after the death, no right of recovery is shown to exist.

3. STATUTE—*Construction.* In such an action the construction given to the statute of Missouri by the highest court of that state should be followed in the courts of this state.

*Error from Atchison District Court.*

This action was brought by *M. F. Hamilton,* the widow of M. C. Hamilton, to recover from *The Hannibal & St. Joseph Railroad Company* $5,000 as damages for the death of her husband, alleged to have resulted from the negligence of the agents and employés of the railroad company. The petition

set out in the record was filed July 10, 1886, and, omitting title and caption, is as follows:

"The said plaintiff, M. F. Hamilton, complains of the said defendant, The Hannibal & St. Joseph Railroad Company, and alleges that at the time of the happening of the wrongs and grievances hereinafter set forth and at the present time, the defendant was and is a railroad corporation, organized under the laws of the state of Missouri, was and is doing business therein as a common carrier, and at said dates and times the said road of defendant passed into the county of Atchison, and was at said date and is doing business as a common carrier and railroad corporation therein; that on the 17th day of September, 1885, the plaintiff was the lawful wife of Milton Clarkson Hamilton, and had been for a long time prior thereto, and now is his widow; that at said date Milton Clarkson Hamilton was and had been for a long time prior thereto a stout, hearty, healthy man, and was then of the age of forty-six years; that at that date he was engaged as inspector of supplies, by the Chicago, Rock Island & Pacific Railroad Company, and in the reception of a large salary from said company for his services as such inspector, to wit: the sum of —— dollars per month; that on said 17th day of September, 1885, it became and was the duty of said Milton Clarkson Hamilton to inspect certain supplies for his employer; and on that day, for the purpose of attending to his said duties at the proper place, he became and was a passenger upon the cars of defendant, for hire, and the defendant then and there, in consideration of a certain reward, then and there to it paid, contracted and obligated itself to safely carry and transport said Milton Clarkson Hamilton to the place of his destination on its said railroad.

"Plaintiff further alleges, that whilst so as a passenger for hire on said train of cars of defendant, said defendant, by its negligence and carelessness and the negligence and carelessness of its agents and employés on said road, on said day, did permit two trains, one being the train and cars upon which said Milton Clarkson Hamilton was then being carried as aforesaid, to collide, both of said trains being upon the same track of the said defendant, in the county of Buchanan, in the state of Missouri, then and thereby, and without any fault or negligence upon the part of the said Hamilton, crushing, bruising and wounding him, the said Hamilton, in the legs, arms and body, from which he suffered terrible agony, and from which he died, at St. Joseph, Buchanan county, Missouri, on the 23d day of September, 1885.

"And plaintiff further alleges, that at the date of the happening of the injuries and death herein set forth, the laws of the state of Missouri permitted the widow of any person whose death might be caused by the wrongful act or omission of another, if such widow instituted her action within six months from the date of the death, to recover against such person causing such death, and limited the recovery in such action to five thousand dollars, which said law of the state of Missouri is contained in §§ 2121, 2122, and 2123, which read as follows, to wit:

" 'SEC. 2121. *Damages for Injuries Resulting in Death in Certain Cases, When and by Whom Recoverable.*— Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant, or employé, whilst running, conducting or managing any locomotive, car, or train of cars; or of any master, pilot, engineer, agent, or employé, whilst running, conducting or managing any steamboat, or any of the machinery thereof; or of any driver of any stage coach or other public conveyance, whilst in charge of the same as a driver; and when any passenger shall die from any injury resulting from or occasioned by any defect or insufficiency in any railroad or any part thereof; or in any locomotive or car, or in any steamboat or the machinery thereof, or in any stage coach or other public conveyance, the corporation, individual or individuals in whose employ any such officer, agent, servant, employé, master, pilot, engineer or driver shall be at the time such injury is committed, or who owns any such railroad, locomotive, car, stage coach, or other public conveyance at the time any injury is received, resulting from or occasioned by any defect or insufficiency above declared, shall forfeit and pay, for every person or passenger so dying, the sum of five thousand dollars, which may be sued for and recovered: First, by the husband or wife of the deceased; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or, third, if such deceased be a minor and unmarried, then by the father and mother, who may join in the suit, and each shall have an equal interest in the judgment; or, if either of them be dead, then by the survivor. In suits instituted under this section, it shall be competent for the defendant, for his defense, to show that the defect or insufficiency named in this section was not of a negligent defect or insufficiency. (G. S. 601, sec. 2b.)

" 'SEC. 2122. *Id. When Representative may Sue.*— Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or the corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured. (G. S. 601, sec. 3c.)

" 'SEC. 2123. *Id. Damages, by Whom Recovered—Measure of.*—All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section two thousand one hundred and twenty-one, and in every such action the jury may give such damages, not exceeding five thousand dollars, as they may deem fair and just with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also have regard to the mitigating or aggravating

circumstances attending such wrongful act, neglect or default.' (G. S. 601, sec. 4d.)

"Plaintiff further alleges, that at the time of his (said Hamilton's) death, said Milton Clarkson Hamilton left him surviving this plaintiff, his widow, and three children, aged respectively twenty-one, nineteen and eleven years; that he left his said widow and the younger children totally destitute and wholly without support; to the damage of this plaintiff in the sum of five thousand dollars.

"Wherefore, plaintiff prays judgment against said defendant for the sum of five thousand dollars and costs of suit."

The defendant company answered, stating that M. C. Hamilton was at the time of his injury a citizen of Buchanan county, Missouri, and that the plaintiff resided in the same place, and that whatever injuries were sustained by him were occasioned solely by his own carelessness and neglect, and denied the other allegations contained in the petition. The case came on for trial on January 3, 1887; a jury was called, and thereupon the railroad company objected to the introduction of any evidence, because the petition did not state facts sufficient to constitute a cause of action under the laws of this state; which objection was sustained, and the jury were instructed to return a verdict in favor of the defendant, which was accordingly done. A motion for a new trial was overruled, and the plaintiff brings the case to this court upon a petition in error and case-made, for review.

*Thos. P. Fenlon,* and *Tomlinson & Eaton,* for plaintiff in error.

*Stringfellow, Strong & Mosman,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The question presented for decision here is, whether plaintiff has set up and shown a right of action in her favor against the railroad company maintainable in the courts of this state. Her husband, as is alleged, was injured upon the railroad of the defendant company on September 17, 1885, through the negligence of its servants, and he died on September 23, 1885. The injury and death occurred in Mis-

souri, and she brings her action in Kansas, based on a statute of Missouri, which is set out at length in the petition. On one side it is urged that the action is statutory and penal in character, founded on a statute unlike our own, and cannot be maintained here, and that comity only embraces and effectuates general principles of law known and accepted by the jurisdiction of all enlightened nations. On the other side, it is contended that a legal liability was incurred under the statute of Missouri, and that an action to enforce the same is transitory in its nature, and may be maintained wherever jurisdiction of the parties can be procured. While actions for injury to persons and property are in general transitory, it is also true that at common law all rights of action for injury to the person died with the person. The principal discussion here has been whether a liability for such injury arising under the statutes of one state can be enforced in the courts of another state. Upon this question there is a great diversity of judicial opinion. It is held by some courts that as the statutes have no extra-territorial force, actions arising under them cannot be maintained outside of the state enacting them and where the wrong is committed. The following authorities are cited to sustain this view: *McCarthy, Adm'r, v. Rld. Co.*, 18 Kas. 46; *Woodard v. Rld. Co.*, 10 Ohio St. 121; *Hover, Adm'r, v. Pa. Rld. Co.*, 25 id. 667; *Richardson, Adm'r, v. N. Y. C. Rld. Co.*, 98 Mass. 85; *Anderson v. M. & St. P. Rly. Co.*, 37 Wis. 321; *Whitford v. Panama Rld. Co.*, 23 N. Y. 465; *Taylor's Adm'r v. Pa. Rld. Co.*, 78 Ky. 348; *The State v. Pitts. & Conn. Rld. Co.*, 45 Md. 41; *Mackay v. Cent. R. R.*, 14 Blatch. (C. C.) 65; Rorer on Interstate Law, 158; Shearman & Redf. on Neg., § 296.

By other courts it is held that the right of action in such cases does not depend on whether it is a statutory or common-law right; but where a right of action becomes fixed and a legal liability incurred under the statute law of a state, such action is transitory, and the liability may be enforced in the courts of any state which has jurisdiction of such matters, and can obtain jurisdiction of the parties. (*Dennick v. Rld. Co.*,

103 U. S. 11; *Knight v. West Jer. Rld. Co.*, 108 Pa. St. 250; same case, 26 Am. & Eng. Rld. Cases, 45; *Burns v. G. R. & I. Rld. Co.*, 15 N. E. Rep. 230; *Herrick v. M. & St. L. Rld. Co.*, 31 Minn. 11; *Leonard v. Col. St. Nav. Co.*, 84 N. Y. 48; *Boyce v. Wab. Rly. Co.*, 63 Iowa, 70; *McLeod v. Rld. Co.*, 58 Vt. 727; *Rld. Co. v. Sprayberry*, 8 Baxt. 341.)

In some, and perhaps most of the cases last cited, the right of a court of one state to enforce such a legal liability incurred under a statute of another state, is placed on the ground that the statutes of both states are similar. The statutes of Kansas and Missouri are far from being identical. In Kansas, the right of action accrues to the personal representative of the deceased, for the benefit of the widow and children, or next of kin; while in Missouri, the right of action is refused to the personal representative, but is granted to the husband or wife, (if action is instituted within six months,) to the exclusion of the children. If the husband or wife fails to bring the action within that time, the minor children, if there are any, have the sole right to bring it for their own benefit. In Kansas, the personal representative may recover for the loss inflicted according as the proof may show, to an amount not exceeding ten thousand dollars, and the amount recovered inures to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as the personal property of the deceased. In Missouri, certain designated relatives recover a fixed amount of five thousand dollars, regardless of what the proof may show to be a just compensation to them for the death of the person killed; and it is in the nature of a penalty; the language of the statute being that defendant "*shall forfeit* and pay for every person or passenger so dying the sum of five thousand dollars." The dissimilarity of these statutes has already been referred to and pointed out. (*McCarthy v. Rld. Co.*, supra; *Vawter v. Mo. Pac. Rly. Co.*, 84 Mo. 679.)

Other of the cases proceed upon the theory that a liability incurred under a statute of one state for such injury, may be enforced in another state, notwithstanding the common law

gives no such right, and although no such statute exists in the latter state; providing the enforcement of the right in no way contravenes the policy of the state where the case is tried, and is not against good morals. But the present case does not require that we enter upon a reëxamination of the questions involved in the early case of *McCarthy v. Rld. Co.*, supra; nor need we review the cases to determine which theory is sustained by the weight of authority. There is no conflict in the decided cases upon the point that, so far as the right of action is concerned, it must stand, if at all, upon the statute of the state where the injury occurred, and not of the one where the redress is sought. The statute of Missouri provides who may bring the action and the time and conditions within which it must be instituted; and compliance with these requirements is essential to the maintenance of the action. If the injury was not actionable in Missouri, where it was inflicted, then certainly it is not actionable here; and unless it appears from the record that the widow could maintain an action in that state, she has no cause of action which she can assert in this jurisdiction. (*Burns v. G. R. & I. Rld. Co.*, supra, and cases cited; 3 Wood's Rly. Law, § 413.)

In her petition the plaintiff alleges that the deceased left surviving him minor children. The statute upon which she bases her action provides, as we have seen, that the widow may sue and recover damages, but if she fails to bring her action within six months, the right thereafter vests in her minor children. The right of action under the statute therefore remained absolutely in the wife for the period of only six months; after that time it vested absolutely in the children. The provision designating when and by whom the suit may be brought is more than a mere limitation — it is a condition imposed by the legislature, which qualifies the right of recovery and upon which its exercise depends. The supreme court of Missouri has recently examined and interpreted this statute, and in an elaborate opinion reaches the conclusion that the right is a conditional one, and the condition, being annexed to the right as given in

1. Personal injuries; death; damages; action; Missouri statute.

the statute, modifies the same, and in fact forms a part of the right itself. (*Barker v. H. & St. J. Rld. Co.*, 91 Mo. 86.) The construction thus placed by the highest court of Missouri on the statute should be followed here, as the cause of action 3. Statute— is founded upon the statute. Following this view, construction. we must hold that the plaintiff has failed to show a right of recovery. It is not alleged, nor does it appear, that she brought her action within the allotted time. There is no averment of the time when the action was instituted; and the first pleading filed, as shown by the record, is what is called an amended petition, and it was filed about ten months after the death occurred. In a statutory action like this, where her 2. Practice— right is conditional, the plaintiff must bring her- death in Mis- self clearly within the prescribed requirements souri—action in Kansas. necessary to confer the right of action; and it being alleged that the deceased left minor children, it should be averred and shown that the action was commenced within six months after the death and while the right of action remained in her. (*Barker v. H. & St. J. Rld. Co.*, supra.) Failing in this, she has shown no cause of action in her favor, and therefore the judgment of the district court must be affirmed.

All the Justices concurring.