## The Baltimore and Ohio Southwestern Railway Company v. Reed.

[No. 19,013.    Filed January 17, 1902.]

Master and Servant.—*Personal Injury Occurring in Sister State.— Common Law Presumed.—Courts.—Jurisdiction.*—The court will presume that the common law rule as recognized and enforced in this State which prevents a recovery against the master by a servant for an injury sustained through the negligence of a fellow servant obtains in a sister State, and a complaint charging such an injury in another state will be held demurrable by the court of this State. *pp. 26–29.*

Same.—*Employers Liability Act.—Extraterritorial Effect.*—The employer's liability act, §§7083–7087 Burns 1901, creating a liability against the employer for personal injuries resulting from the negligence of a fellow servant has no extraterritorial force or effect, so as to create a right of action in favor of a servant against a railroad company for an injury sustained in a sister state through the negligence of a fellow servant, where no such right under the laws of the latter state existed. *pp. 29–31.*

Same.—*Employers Liability Act.—Constitutional Law.*—Section 7086 Burns 1901, providing that in an action against a railroad company in this State for a personal injury occurring in another state it shall not be competent for such company to plead or prove the decisions or statutes of the state where such person shall have been injured as a defense to the action brought in this State, is unconstitutional. *pp. 31–34.*

From Pike Circuit Court; *E. A. Ely*, Judge.

Action by Clement V. Reed against the Baltimore and Ohio Southwestern Railroad Company for damages for personal injuries. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. R. Gardiner, C. G. Gardiner* and *E. W. Strong*, for appellant.

*C. K. Tharp, J. A. Padgett* and *A. J. Padgett*, for appellee.

JORDAN, C. J.—This action was commenced by appellee in the Daviess Circuit Court to recover damages for personal injuries sustained. The cause was thereafter venued to the Pike Circuit Court, where a trial by a jury resulted in a verdict awarding appellee $15,000; and, over appellant's motion for a new trial, judgment was rendered thereon against the railway company. From this judgment the company appeals and assigns as errors (1) that the court erred in overruling its demurrer to the complaint; (2) in sustaining the demurrer of appellee to the second paragraph of answer; (3) in denying a motion for a new trial. Under the averments of the complaint, the following facts are shown: The defendant, appellant herein, is a railroad corporation owning and operating a continuous railroad which extends from the city of East St. Louis in the state of Illinois, into and through Daviess county in the State of Indiana, on to the city of Cincinnati in the state of Ohio. The plaintiff was, at the time of the accident, and at the time he instituted his action, a resident of the State of Indiana. On June 8, 1897, he was a servant of the defendant, engaged in its employ as a brakeman on a freight train which was being operated and run over defendant's said road from the town of Flora, in the state of Illinois, into and through Daviess county in the State of Indiana. On said day, at the station of Clay City in the state of Illinois, while the plaintiff was assisting in the operation and running of said freight train as such brakeman, it became and was his duty to assist in making

what is denominated and known as a "running or flying switch"; and while so engaged he was, without any fault or negligence on his part, jerked and thrown under a moving car, which ran over and crushed one of his legs, and thereby the amputation of said limb was rendered necessary. The accident in question is alleged to have been caused by the violent and sudden start and speed of the engine attached to the train, which engine was in charge of, and was being operated by, one Michael Griffin, a locomotive engineer then and there in the service and employ of the defendant. The plaintiff in his complaint charges the accident, which occurred at Clay City, Illinois, and the injury resulting therefrom, to be wholly due to the negligence of Griffin, the engineer, in the operation and management of said engine at the said time and place.

The lower court adjudged the complaint to be sufficient on demurrer. The complaint, as we have shown, discloses that the accident by which appellee was injured occurred in the state of Illinois; consequently if he has a right of action against appellant, such right arose under the laws of the latter state. The facts conclusively show that appellee and the engineer to whose negligence the cause of the injury is imputed were, under the circumstances, at the time of the accident nothing more than fellow servants of each other, both in the service of appellant, their common master. He does not profess by his complaint to base his cause of action on any statute of the state of Illinois. The rule of the common law which asserts that the master is not liable in an action by one of his servants for an injury sustained through the negligence of a fellow servant is a familiar one. When tested by this rule of the common law, as it prevails and is enforced in this State by our decisions, the complaint in question does not state a cause of action against appellant. We are bound to presume that the same common law rule as recognized and enforced in this jurisdiction obtains in the state of Illinois, and is enforced by the highest court thereof in like manner

as we enforce it, until the contrary is shown. Hence it must be held that, under the laws of the state in which the injury complained of was inflicted, the complaint does not state or disclose a right of action against appellant. Unless the negligent act of appellant's servant, to which appellee imputes his injury, which act, as shown, occurred wholly in the state of Illinois, created a liability or right of action in that state against appellant in favor of appellee, no such right or liability can be asserted to exist elsewhere. Certainly, if no right of action existed in that state in his favor, he could carry no right of action with him by coming into the State of Indiana and instituting a suit against appellant in the courts of the latter State. This rule of the law is universally affirmed and settled. *Buckles* v. *Ellers,* 72 Ind. 220, 37 Am. Rep. 156; *Burns* v. *Grand Rapids, etc., R. Co.,* 113 Ind. 169. In the latter case this court, on page 176 of the opinion, said: "All the cases agree that, whatever the law of the forum may be, the plaintiff's case must stand, if at all, so far as his right of action is concerned, upon the law of the place where the injury occurred. *Hyde* v. *Wabash, etc., R. Co.,* 61 Iowa 441, 16 N. W. 351, 47 Am. Rep. 820; *State* v. *Pittsburgh, etc., R. Co.,* 45 Md. 41. * * * Unless the alleged wrong was actionable in the jurisdiction in which it was committed, there is no cause of action which can be carried to and asserted in any other jurisdiction." (Citing numerous authorities.) As further supporting this proposition, see, *Alabama, etc., R. Co.* v. *Carroll,* 97 Ala. 126, 11 South. 803, 38 Am. St. 163, and the many authorities therein cited on page 131 of the official report; *Davis* v. *New York, etc., R. Co.,* 143 Mass. 301, 9 N. E. 815, 58 Am. Rep. 138; *Alexander* v. *Pennsylvania Co.,* 48 Ohio St. 623, 30 N. E. 69; *Railway Co.* v. *Lewis,* 89 Tenn. 235, 14 S. W. 603; *Debevoise* v. *New York, etc., R. Co.,* 98 N. Y. 377, 50 Am. Rep. 683; *Louisville, etc., R. Co.* v. *Whitlow* (Ky. Ct. of App.), 43 S. W. 711, 41 L. R. A. 614; *Hamillon* v. *Hannibal, etc., R. Co.,* 39 Kan. 56, 18 Pac. 57; *Smith* v. *Condry,*

1 How. 28, 11 L. Ed. 35; *Huntington* v. *Attrill,* 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, and cases there cited; Story on Conflict of Laws §609.

The rule that if the law of the state or jurisdiction where the wrong is committed, when applied to the case, does not give a right of action against the wrongdoer then no action can be sustained, is so well established that we may dismiss the question without further consideration.

Counsel for appellee, however, in their argument.in support of the complaint, seek to apply the provisions of the fourth clause of §1 of the employers' liability act passed by the legislature of this State in 1893. Acts 1893, p. 294; §§7083-7087 Burns 1901. The first section of this act declares "that every railroad or other corporation, except municipal, operating in this State, shall be liable for damages for personal injury suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence, in the following cases:  *  *  *  *  Fourth.  *Where such injury was caused by the negligence of any person in the service of such corporation who has charge of any signal, telegraph office, switch yard, shop, round-house, locomotive engine or train upon a railway,* or where such injury was caused by the negligence of any person, co-employe or fellow servant engaged in the same common service in any of the several departments of the service of any such corporation, the said person, co-employe or fellow servant, at the time acting in the place, and performing the duty of the corporation in that behalf, and the person so injured, obeying or conforming to the order of some superior at the time of such injury, having authority to direct; but nothing herein shall be construed to abridge the liability of the corporation under existing laws." (Our italics.)

By that part of the clause which we have italicized a liability against a railroad corporation is created in this State, where previous to the enactment of this statute none existed under the common law rule. We can not presume that the

legislature intended to exceed its territorial jurisdiction or power by extending the operation and effect of this statute so as to create a right of action in favor of the servant against the railroad corporation for an injury sustained in a sister state through the negligence of a fellow servant, where no such right under the laws of the latter state existed. That a statute of this State prescribing a penalty or giving a right of action for a tort committed can have no extraterritorial force or effect, so as to create thereby a right of action in another state, is a well settled rule. *Carnahan* v. *Western Union Tel. Co.,* 89 Ind. 526, 46 Am. Rep. 175; *Western Union Tel. Co.* v. *Carter,* 156 Ind. 531, and authorities cited therein; *Nathan* v. *Lee,* 152 Ind. 232, 43 L. R. A. 820; *Burns* v. *Grand Rapids, etc., R. Co.,* 113 Ind. 169. In the latter case, this court said: "The general proposition may be conceded, that statutes have no extraterritorial force beyond the state in which they were enacted, but it is nevertheless true that civil rights acquired under a statute are not confined to the limits of the state in which the right accrued. Such rights, out of regard for the principles of comity existing between states, will be enforced in the courts of any state which can obtain jurisdiction of the defendant, provided to enforce them does not violate the law or policy of the state in which they are sought to be enforced."

In *Nathan* v. *Lee, supra,* we said: "The general laws, regulations, or decisions of the courts of a sister state are controlling only within its own limits, and such state has no power to give them force or effect in other jurisdictions." (Citing authorities.)

While the law of the place where the injury was occasioned or inflicted governs in respect to the right of action, nevertheless the law of the forum where the action is prosecuted to obtain redress which pertains to the remedy, only, controls. The question whether the injured servant shall have a right of action against the master for the injury sustained through the negligence of a fellow servant is certainly

one which deals with the right or cause of action, and not with the remedy or procedure to enforce such right.

It is seemingly urged by counsel for appellee that, inasmuch as he is shown to be a citizen of this State, therefore appellant is, by reason of §4 of the employers' liability act, debarred from claiming that, under the facts·disclosed by the complaint, no right of action or liability existed against it under the laws of the state of Illinois. This section reads as follows: "In case any railroad corporation which owns or operates a line extending into or through the State of Indiana and into or through another or other states, and a person in the employ of such corporation, a citizen of this State, shall be injured as provided in this act, in any other state where such railroad is owned or operated, and a suit for such injury shall be brought in any of the courts of this State, it shall not be competent for such corporation to plead or prove the decisions or statutes of the state where such person shall have been injured as a defense to the action brought in this State."

Whatever the purpose of the legislature in the enactment of this section may have been, it is manifest that it can not be invoked to give appellee a right of action against appellant for an injury sustained by him in the state of Illinois, if such right does not exist under the law of that state. Again, if appellant had a valid, existing cause of defense under the law of the state of Illinois to the action in question, which it could have asserted and proved in that state had the action been prosecuted therein, certainly then it is beyond the power of the legislature by the section in controversy to destroy such vested right by depriving appellant of asserting the same when sued in the State of Indiana. Such an act of the legislature would evidently operate as an unconstitutional confiscation of property rights. See, §21 of our bill of rights; articles 5 and 14 of the amendments to the Constitution of the United States; *Hovey* v. *Elliott,* 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215. The law recog-

nizes that a vested right of defense to an action is, in a
sense, property, as much so as is a vested right of action, and
is equally protected as in the latter against an attempt of the
legislature to destroy or take it away.   The doctrine in re-
spect to the vested right of defense is stated in Cooley on
Torts, at top of page 552, as follows:  "But it is agreed that
to support an action the act must have been wrongful or pun-
ishable where it took place, and that whatever would be a
good defense to the action, if brought there, must be a good
defense everywhere."   The same author in his work on Con-
stitutional Limitations, at page 443 says:   "But a vested
right of action is property in the same sense in which tangi-
ble things are property, and is equally protected against
arbitrary interference."

In *Pritchard* v. *Norton,* 106 U. S. 124, 1 Sup. Ct. 102, at
bottom of page of 27 L. Ed. 104, the court asserts the propo-
sition that a vested cause of defense is as equally protected
from being cut off or destroyed by an act of the legislature
as is a vested cause of action.   The court in that case on
page 141 of the official report said:  "Hence it is that a
vested right of action is property in the same sense in which
tangible things are property, and is equally protected against
arbitrary interference.   Whether it springs from contract or
from the principles of the common law, it is not competent
for the legislature to take it away.   A vested right to an ex-
isting defense is equally protected, saving only those which
are based on informalities not affecting substantial rights".

It surely can not, in reason, be insisted that the section in
question, so far as it precludes a railroad company, when
sued as is appellant, under the circumstances in this case,
from asserting and exhibiting its right to a valid, existing
defense, may be justified or upheld on the ground that its
provisions should be regarded as regulating the procedure
or practice on the part of a defendant railroad company in
cases of this character.   But the legislature, in regulating
the practice and procedure in courts of justice, can not

thereby wholly preclude a defendant from asserting and proving a right of defense to an action instituted against him. In Cooley's Constitutional Limitations (6th ed.), on page 452, that eminent author in treating the subject of the alteration of the rules of evidence, says: "But there are fixed bounds to the power of the legislature over this subject which can not be exceeded. * * * It has no power to establish rules which, under pretense of regulating the presentation of evidence, go so far as altogether to preclude a party from exhibiting his rights, * * * it would not, we apprehend, be in the power of the legislature to declare that a particular item of evidence should preclude a party from establishing his rights in opposition to it. In judicial investigations the law of the land requires an opportunity for a trial; and there can be no trial if only one party is suffered to produce his proofs."

The rule is well settled that the legislative department is not authorized to declare that certain facts or evidence shall create a conclusive presumption, and thereby override the essential facts in the case, or preclude a party in an action from asserting and proving the truth. *Wantlan* v. *White,* 19 Ind. 470; *White* v. *Flynn,* 23 Ind. 46; *Heagy* v. *State, ex rel.,* 85 Ind. 260; *Johns* v. *State,* 104 Ind. 557; *Board, etc.,* v. *State, ex rel.,* 120 Ind. 282; *State* v. *Beach,* 147 Ind. 74, 36 L. R. A. 179. In the latter case this court, on page 79 of its opinion, said: "A law which would in effect exclude the evidence of a party and thereby deny him the right to be heard, would deprive him of due process of law. A law which provides that certain facts are conclusive proof of guilt would be unconstitutional, * * *. If, however, the legislature in prescribing the rules of evidence in any class of cases leaves a party a fair opportunity to establish his case or defense and give in evidence to the court or jury all the facts legitimately bearing on the issues in the cause to be considered and weighed by the tribunal trying the same, such acts of the legislature are not unconstitutional."

It must follow, then, for the reasons stated, that so far as §4, in controversy, can be said to deprive or preclude appellant from asserting on demurrer to the complaint of appellee that the facts alleged therein do not entitle him to a recovery, or that it cuts off and deprives such railroad company from availing itself of any legitimate right or cause of defense in bar of the action existing under the laws of the state of Illinois, such legislation must be held to be an invalid exercise of legislative power.

We conclude that the complaint, for the reasons given, does not state a cause of action against appellant, and, therefore, the court erred in overruling the demurrer thereto, for which error the judgment below is reversed and the cause is remanded to the lower court with instructions to sustain the demurrer to the complaint.