FABEL v. THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 4,309.    Filed January 9, 1903.]

DEATH BY WRONGFUL ACT.—*Action.*—*Lex Loci.*—*Parties.*—A father can not in his individual capacity maintain an action in this State for the death of his son in the state of Ohio, under the Ohio statute which provides that actions for death by wrongful act shall be brought in the name of the personal representative of the deceased person.

From Marion Circuit Court; *H. C. Allen*, Judge.

Action by Gustave Fabel against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company for the death of his son. From a judgment for defendant on demurrer to complaint, plaintiff appeals. *Affirmed.*

*Elmer Wetzel* and *W. B. Hubbard*, for appellant.
*J. T. Dye, B. K. Elliott, W. F. Elliott* and *F. L. Littleton*, for appellee.

WILEY, J.—Appellant was plaintiff below. A demurrer was sustained to his complaint, and he suffered judgment thereon. He assigns as error the ruling upon the demurrer.

The complaint avers that appellant was the father of one George Fabel, who was eighteen years old; that he had never been emancipated; and that appellant was at all times re-

sponsible for his support and maintenance. It is further charged that said George Fabel was in the employment of appellee as a brakeman, and while so engaged, and in the line of his duty, and without fault or negligence on his part, he was, by the carelessness and negligence of appellee and its servants, injured, from which injury death resulted. The injury resulting in the death of appellant's son was inflicted in the state of Ohio, and he died there. The complaint avers that "this action is brought under and by virtue of §6135 of the revised statutes of Ohio, and passed by the general assembly * * * at a session begun and held * * * on the 5th day of January, 1880, approved April 13, 1880," a copy of which is set out and is as follows: "Section 6135. [Action for injury by wrongful death; by whom and for whose benefit may be brought; limit of damages; limitation of action in such case; personal representative of decedent may settle case after suit is commenced.] Every such action shall be for the exclusive benefit of the wife, or husband, and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the personal representative of the deceased person; and in every action the jury may give such damages, not exceeding in any case $10,000, as they may think proportioned to the pecuniary injury resulting from such death, to the persons respectively for whose benefit such action shall be brought. * * * Such personal representative, if he was appointed in this state, with the consent of the court making such appointment may at at any time, before or after the commencement of a suit settle with the defendant the amount to be paid, and the amount received by such personal representative, whether by settlement or otherwise, shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making the appointment in such manner as shall be fair and equitable, having reference to the age and condition of such beneficiaries and the laws of

descent and distribution of personal estates, left by persons dying intestate." There were two grounds of demurrer: (1) That the complaint did not state facts sufficient; and (2) that the appellant had not legal capacity to sue.

We will dispose of the second ground of demurrer first, as the principal argument is directed to that. The complaint proceeds upon the theory that the cause of action stated therein is given by the statute of Ohio, and that recovery can be had only upon the provisions of that statute. As appellant has planted his action on the Ohio statute, he must recover upon that, or not at all. That statute gives a new cause of action not recognized by the common law, and places the right to prosecute such action in the personal representative of the deceased, and not in the father or any one else. The question for decision is simply this: The right of action given by the statute, being in derogation of the common law, must such action be prosecuted by the person designated by the statute, or can it be prosecuted by some one else? If it affects the right, and not merely the remedy, it is not governed by the law of the forum which has no extraterritorial force. A rule of law which is clearly established by the authorities is that where a right of action for damages for death is given by statute of one state, and it is provided by such statute that the action must be brought in the name of a party designated by the statute, the right may be enforced in another state having a similar statute, but the action can not be brought in another state by any other party than the one to whom the right is given by the statute on which it is based. To state the rule correctly, the action must be instituted by and in the name of the party designated by the statute of the state where the cause of action arose, even when such action is brought in another state whose statute provides that such action shall be brought by some other party. *Oates* v. *Union Pac. R. Co.*, 104 Mo. 514, 16 S. W. 487, 24 Am. St. 348; *Hyde* v. *Wabash, etc., R. Co.*, 61 Iowa 441, 16 N. W. 351, 47 Am. Rep.

820; *Wooden* v. *Western, etc., R. Co.,* 126 N. Y. 10, 26 N. E. 1050, 22 Am. St. 803, 13 L. R. A. 458; *Boyd* v. *Brazil Block Coal Co.,* 25 Ind. App. 157; *Western, etc., R. Co.* v. *Strong,* 52 Ga. 461; *Lower* v. *Segal,* 59 N. J. L. 66, 34 Atl. 945; *Limekiller* v. *Hannibal, etc., R. Co.,* 33 Kan. 83, 5 Pac. 401, 52 Am. Rep. 523.

At common law a parent had no right of action for the death of his child, and it is clear that the Ohio statute pleaded gives no such right to the parent. As the law of that state governs, and as it must be presumed to be the common law, it is immaterial whether such a right is given by our statute for there can be no recovery under the governing law that gives a right of action. *Buckles* v. *Ellers,* 72 Ind. 220, 37 Am. Rep. 156; *Jackson* v. *Pittsburgh, etc., R. Co.,* 140 Ind. 241, 49 Am. St. 192; *Hyde* v. *Wabash, etc., R. Co., supra; Debevoise* v. *New York, etc., R. Co.,* 98 N. Y. 377, 50 Am. Rep. 683; *Baltimore, etc., R. Co.* v. *Reed,* 158 Ind. 25, 56 L. R. A. 468; *Willis* v. *Missouri Pac. R. Co.,* 61 Tex. 432, 48 Am. Rep. 301.

As we have seen, the cause or right of action, if any, is given to the personal representative by the statute of Ohio. But one person is designated by the statute as having a right to sue. That person is neither the father, mother, nor wife of the decedent, but the personal representative. The person to whom the right to sue is given by statute is the only person who can sue wherever the right is sought to be enforced. The cause of action did not arise in this State, is not given by our statute, and our statute has nothing to do with it. If this is true, we can not understand upon what principle of law our courts can enforce a cause of action in favor of one party which the statute of another state has given to an entirely different party.

If the father of the deceased can successfully prosecute an action for damages for the death of his son here, it would not be a bar to an action by his personal representative to recover for his death in the courts of Ohio under the statute

pleaded.  The Ohio statute grants a right of action to a designated person.  By all rules of statutory construction, by designating specifically that the action provided for by the Ohio statute should be brought by the personal representative of the decedent, all other persons and classes of persons were excluded.  If the law of the forum governed, and thus determined that a party other than the one designated by the foreign statute could bring and prosecute the action, then one party could bring it in one jurisdiction, and another party bring it in another jurisdiction, in which event the defendant would be subject to an indefinite number of actions against it, depending upon the number of parties that could be found who might be entitled, under the different laws of the forums, to bring actions under similar circumstances.

An examination and consideration of the authorities have led us to the conclusion that under the statute pleaded, the action can only be brought in the name of the party designated therein, no difference in what forum it is brought. And with this conclusion reason and principle coincide.

The case of *Usher* v. *West Jersey R. Co.,* 126 Pa. St. 206, 17 Atl. 597, 4 L. R. A. 261, 12 Am. St. 863, is illustrative of the rule of law under consideration.  Appellant's husband was killed by the appellee in New Jersey.  There was a statute in force in New Jersey at the time which gave a right of action for the death of a human being caused by the wrongful act, neglect, or default of another.  The second section of the statute provided that the action should be brought "by and in the names of the personal representative of such deceased person."  The appellant, as widow of the deceased, brought an action in Pennsylvania to recover damages for the death of her husband, and it was held that she could not maintain it in her own name, although the statute provided that the amount recovered should be for her benefit. The reasoning of the court in the course of the opinion is so clear and forcible that we quote from it the following:  "But

secondly, is the question of the party who may sue, merely a question of the remedy, and therefore determinable by the law of the forum? Undoubtedly there are cases where it is so. Whether an infant shall sue by guardian or by next friend, and whether an assignee shall sue in his own name or that of his assignor, and the like, are clearly questions of procedure only. But where the matter is not of form merely, but of right, the remedy must follow the law of the right. The second section of the statute in question can not be disregarded or separated from the first; they are so closely interwoven, and as necessary to each other, as if they were parts of the same section. This is plain from the most, cursory examination. The first section confers no right, of any kind, or on anybody. It merely imposes a liability. The second section confers the right, and without it the first would be utterly nugatory and ineffective. Apart, the first, gives no right, the second imposes no liability; together, they give the liability, the right, the party to enforce the right, and the party entitled to the benefit, and they give all these together, by plain words which constitute one grant, to wit, an action, to be enforced as given, and not capable of being split up into different rights with varying remedies according to the tribunals in which they may chance to be asserted.

"If this result were at all doubtful on principle, there is another consideration of controlling weight. It is unquestionable that in New Jersey the personal representative alone can sue, and it is equally clear that he can maintain his action there, notwithstanding this action, or any other, brought by another party in another jurisdiction. It would be a strange perversion not only of comity, but of justice, to entertain an action here, which would either oust the right of the legal party in the place where the cause of action arose, or subject the defendant to as many separate recoveries as parties could be found who might be entitled under the laws

of different forums to bring actions under similar circumstances. Nor is the argument helped by the suggestion that as the action by the personal representative is only a means to an end—i. e., the benefit of the parties ultimately entitled to the damages, the court can control the disposition of the verdict, so as to administer the rights of all parties according to the law of New Jersey. Why should our courts undertake such an unnecessary task, in the face of a direct prohibition by the law of New Jersey? The administration of the law of another jurisdiction is never desirable, and at best is full of difficulties and uncertainties. It is assumed *ex necessitate* when assumed at all, and it would surely be pushing comity beyond its legitimate bounds, to assume to do for the tribunals of New Jersey what they certainly would not do for themselves, administer the rights of one party through a suit brought by another."

The case of *Wooden* v. *Western, etc., R. Co.*, 126 N. Y. 10, 26 N. E. 1050, 22 Am. St. 803, 13 L. R. A. 458, is instructive. Appellant's husband was killed by appellee railway company in the state of Pennsylvania. She lived in New York, and was duly appointed administratrix of his estate there. The statute of Pennsylvania gave to her, as a widow, a right of action against the company for the negligent killing of her husband, and provided that the action should be brought in her name for the benefit of herself and children. A similar statute was in force in New York, except that the latter statute provided that the action should be brought and prosecuted in the name and by the personal representative of the deceased. Appellant brought her action in New York, based upon the Pennsylvania statute, in her individual capacity as widow. It was contended by the appellee that she could not maintain the action in New York in such capacity, but should have brought it as administratrix. It was held that the contention of appellee must be sustained, and in deciding the question the court said: "But it must not be forgotten

that the cause of action sued upon is the cause of action given by the *lex loci* and vindicated here and in our tribunals upon principles of comity. *Leonard* v. *Columbia Steam Nav. Co.,* 84 N. Y. 53. That cause of action is given to the widow in her own right and as trustee for the children, and we open our courts to enforce it in favor of the party who has it, and not to establish a cause of action under our statute which never in fact arose.   *   *   *   It is the cause of action created and arising in Pennsylvania which our tribunals vindicate upon principles of comity, and therefore, must be prosecuted here in the name of the party to whom alone belongs the right of action."

A similar case is that of *Lower* v. *Segal,* 59 N. J. L. 66, 34 Atl. 945. The New Jersey statute gave the right of action in such cases to the personal representative of the deceased, while the Pennsylvania statute gave such right to the widow. Appellant's decedent died of injuries alleged to have been inflicted in the state of Pennsylvania, and she, as administratrix, brought her action for damages in New Jersey. It was held that she could not maintain the action, and in the course of the decision it was said: "The right of action being vested in the widow, she is the only person who can maintain the suit, whether in the domestic tribunals or elsewhere, since she is everywhere the widow of the husband whom she survives." In that case, as here, the right of action was given by the statute of one state, while the form of redress was followed under a statute of a sister state, and, as was said in the last case cited, it "lacks the legal justification of either."

In the case of *Oates* v. *Union Pac. R. Co.,* 104 Mo. 514, 16 S. W. 487, 24 Am. St. 348, appellant's husband was negligently killed by appellee in the state of Kansas. The Kansas statute provided that in such case the personal representative might maintain an action for damages, and that the amount recovered should inure to the benefit of the widow and children. At and prior to his death appellant

resided in Missouri. Appellant, as widow, brought her action in Missouri to recover damages for her husband's death, and founded her action upon the Kansas statute. The Missouri statute provided that in case of the death of a husband, caused by the negligent or wrongful act of another, a right of action survived to the wife, and should be prosecuted in her own name.

It was held that she, as widow, could not maintain her action in Missouri, when her right of action arose under a statute in Kansas, where the statutes of the two states were different, on the ground that the Missouri statute had no extraterritorial operation. The court used the following language: "The statute gives the cause of action and points out the persons who may sue, and they, and they alone can sue, and they must sue within the time prescribed by the statute. *Barker* v. *Railway*, 91 Mo. 86. The fact that by the statute of this state the widow, under the circumstances detailed in the petition, could sue for and recover the fixed sum of $5,000, does not aid the plaintiff, for our statute has no extraterritorial operation. As the plaintiff could not prosecute this suit in that state, she can not prosecute it in this state."

The case of *Hyde* v. *Wabash, etc., R. Co.*, 61 Iowa, 441, 16 N. W. 351, 47 Am. Rep. 820, is also in point. There appellant's decedent was killed in Missouri, and a right of action, if any, that survived arose there. It was held that appellant as administratrix could not maintain an action for damages in Iowa, because the complaint did not aver that any statute of Missouri gave a right of action, and the supreme court of Iowa said: "Again, if the cause of action survives, it must survive to some person or persons. A cause of action which survives only by statute, must survive to the person or persons designated by statute. Now, suppose that, by a statute of Missouri, the cause of action in this case (as we understand the fact to be) survives to the intestate's wife, if he left one, and, if not, to

Nowlin v. State, ex rel.

his minor child or children, or father and mother, as the case may be. If such is the fact, it could not properly be held to have survived under the statute of Iowa to the personal representative. The company should not be subjected to more than one liability for the same act. Yet it is difficult to see how a recovery in Iowa would, under the supposition made, bar a recovery in Missouri."

There are other cases holding that a right of recovery in such cases as we are considering exists only by reason of the law of the place of injury resulting in death. We do not deem it important to quote from them, but cite the following: *Whitford* v. *Panama R. Co.*, 23 N. Y. 465; *State* v. *Pittsburgh, etc., R. Co.*, 45 Md. 41; *Hover* v. *Pennsylvania Co.*, 25 Ohio St. 667. See, also, Story, Conflict of Laws (8th ed.), §307. From these authorities and considerations, it is clear that appellant, in his individual capacity, can not maintain this action.

The demurrer to the complaint was correctly sustained and the judgment is affirmed.