BROWN *vs.* LITTLEFIELD, sheriff of Erie.

A suit against a sheriff for the *escape* of a prisoner in execution, is an election
by the plaintiff, to consider the defendant out of custody; from the com-
mencem..t of such suit, the defendant in execution ceases, in judgment of
law, to be in the custody of the sheriff, and may depart from the jail liberties
with impunity ; and until again charged in execution, an action for an es-
cape will not lie.

Under the plea of *nil debet* to an action of debt for an escape, any matter in
discharge of the action may be given in evidence, as for instance, that at
the time of the alleged escape, the party in execution was not a lawful pri-
soner, in the custody of the sheriff.

Notice to produce a paper as preliminary to parol evidence, may be given to
the attorney of the party on record, although such party be but a *nominal*
party ; notice to the *real* party himself is not necessary, when the suit is pro-
secuted for his benefit.

A copy of a declaration served on the defendant's attorney is admissible in evi-
dence, to shew a former suit, and the cause of action therein expressed ; it is
not necessary to produce an exemplified copy of the declaration on file.

THIS was an action of *debt for an escape*, tried at the Erie
circuit, in April, 1830, before the Hon. ADDISON GARDINER, one
of the circuit judges.

The suit was for a voluntary escape, suffered by the sheriff,
of one Hopkins, arrested on a *ca. sa.* issued on a judgment in
favor of the plaintiff against him ; the escape was alleged to
have taken place on the 12th June, 1824.   The defendant
pleaded *nil debet*, and subjoined to his plea a *notice*, that on the
trial of the cause he would prove that Hopkins went at large
by the license of the plaintiff.   On the trial the plaintiff proved
his judgment, the issuing of a *ca. sa.*, tested 4th August, 1823,
returnable in November following, the arrest of the defendant,
and his subsequently being at large, in the month of June,
1824.   The defendant proved that after the issuing of the *ca.*

*sa.* one Ephriam Towner, to whom judgment in this case had been assigned, alleged that Hopkins had been arrested on it by a deputy of the sheriff of Erie, and had been permitted to escape ; and that Towner commenced a suit against the sheriff, in the name of Brown, as plaintiff, for the escape, by *capias,* tested the third Monday of October, returnable the first Monday of November, 1823 ; that a declaration was served in such suit, alleging the escape to have taken place on the 10th September, 1823 ; that the cause was put at issue, and judgment as in case of nonsuit obtained therein, for the neglect of the plaintiff to proceed to trial. The assignment of the judgment to Towner was proved by *parol* evidence, it appearing that notice to produce it on the trial had been given to th' attorney prosecuting this suit, by the employment of Towner ; the evidence was objected to, but received. So, also, the proof of the declaration in the suit commenced for the escape in September was objected to, it being the production of the copy declaration *served* on the defendant's attorney ; this evidence was objected to by the plaintiff, on the ground that an exemplified copy of the declaration *filed,* ought to be produced, but the judge overruled the objection. All the evidence in relation to the former suit was objected to, as notice of the intention to give proof thereof had not been given, but the objection was overruled. It further appeared in evidence that Hopkins, in January, 1824, was in the custody of the sheriff, by virtue of the original arrest made under the *ca. sa.* and that shortly thereafter discovering a defect in the process which he conceived rendered void, he left the limits of the jail and went at large and remained at large until after the commencement of this suit, which was brought previous to issue being joined in the first suit. The judge charged the jury that the plaintiff, by prosecuting the sheriff in the former suit for a voluntary escape, had elected to consider Hopkins out of custody ; that such suit was, in itself, evidence of an escape as against the plaintiff; and that the present suit having been brought during the pendency of the former, the defendant was entitled to a verdict. The jury accordingly found for the defendant. The plaintiff excepted to the several decisions of the judge, and now moved for a new trial.

*M. T. Reynolds*, for plaintiff.

*J. A. Spencer*, for defendant.

*By the Court*, SUTHERLAND, J. The principal question upon the merits in this case was fully considered and diposed of by this court, when the cause was before it on a former occasion, 1 Wendell, 398. It was then held that the plaintiff, by commencing an action against the sheriff in October, 1823, for an alleged voluntary escape of Hopkins, the defendant in the execution, had elected to consider him out of custody ; and that from the commencement of that suit, Hopkins ceased to be, in judgment of law, in the custody of the sheriff, and had a right to depart from the jail liberties with impunity ; that of course there could be no subsequent escape until he was again charged in execution; that this action, therefore, having been commenced in June, 1824, for an alleged escape in the preceding winter, without any new execution or arrest, could not be maintained. This defence was overruled at the circuit, and a new trial was ordered upon that ground. That question is again raised only *pro forma* for the purpose of enabling the plaintiff to review the decision of this court upon it in the court for the correction of errors, if he shall think it expedient. The reasons of the court upon this point will be found in the report of the decision upon the motion for a new trial.

Independently of the objection to the main principle of the defence, several minor exceptions were taken at the trial, which will now be noticed.

1. It was contended that the defence was not admissible under the general issue of *nil debet*, without special notice. The general rule upon this subject is, that any matter may be given in evidence under the general issue, which shews that the plaintiff *never* had any cause of action, or had none at the time of the commencement of the suit. 1 Chitty's Pl. 472. *Nil debet* is the general issue in debt for an escape, and its language, as Mr. Chitty observes, 1 Chitty's Pl. 476, puts in issue the existence of the debt at the time of bringing the action,

and consequently any matter may be given in evidence under this plea, which shews that nothing was due at that time as performance, or a release, or other matter in discharge of the action. Comyn's Dig. Pleader, 2 w. 16. 2 Salk. 565. 1 Saund. 83. 1 Ld. Raym. 566. 12 Mod. 376. Lawes on Pl. 519, ch. 16. The evidence given showed that Hopkins was not a lawful prisoner in the custody of the defendant when the alleged escape took place; it of course went to the very foundation of the action, and was properly admitted under the general issue.

2. The notice given to the attorney for the plaintiff in this cause, to produce the assignment of the judgment from the plaintiff Brown to Ephraim Towner, was sufficient (it not having been produced) to authorise parol evidence of its contents to be given. The objection was that the notice should have been served on Towner himself; but it was satisfactorily shown that Towner was the real party in interest, and directed all the proceedings in the cause. The attorney on record is to be considered his attorney, and notice to him to produce the assignment was good.

3. The commencement of the former suit was sufficiently proved. An exemplified copy of the capias was produced, and a copy of the declaration served on the defendant's attorney. It was objected that an exemplified copy of the declaration as *filed*, and not merely the copy as *served*, should have been offered in evidence. It is a sufficient answer to say, that it did not appear that any declaration had ever been filed, and the service of a copy on the defendant was valid and effectual, though no copy had in fact been filed. 6 Johns. R. 286. If it were necessary, however, an exemplified copy might now be produced.

None of the exceptions are well taken, and the motion for a new trial is accordingly denied.