By the Court,

Bronson, J.
A bill of particulars is an amplification, or more particular specification of the matter set forth in the pleading. The declaration, plea or notice of set-off, may be so general in its terms that the opposite party will not be fully apprised of the demand which will be set up on the trial, and he is therefore permitted to call on his adversary to give a more detailed and particular statement of the claims on which [22] he intends to rely. When the bill is furnished, it is deemed a part of the declaration, plea, or notice to which it relates, and is construed in the same way as though it had originally been incorporated in it. The particulars can not be evidence against the party furnishing them, in any ease, or for any purpose, where the pleading or notice to which the bill relates would not be evidence.
An admission in pleading-is evidence against the party making it on the trial of the particular issue to which the admission relates; but an admission in one count of a declaration, is not evidence against the plaintiff under any other count; and where the defendant pleads several pleas, the plaintiff can not use an admission in one plea for the purpose of establishing a fact which is denied in another. (Harrington v. Macmorris, 5 Taunt. 228.) The Supreme Court of Massachusetts laid down a different rule in the action of slander. (Jackson v. Stetson, 15 Mass. R. 48; Alderman v. French, 1 Pick. 1.) These decisions have not been followed elsewhere, Cilley v. Janness (2 N. Hamp. R. 89,) and they are much shaken at home by the recent case of Melvin v. Whiting (13 Pick. 184.)
No principle has ever been recognized by this court which would sanction the receiving of a bill of particulars in evidence against the party who furnished it, for any other purpose than that of restricting his proofs, and limiting his recovery or set-off, to the matters which have been put in issue by the pleadings. In England, as is true in relation to many other matters. there are a few contradictory decisions at nisi prius, having some bearing on this question; but neither of the courts at Westminister Hall has sanctioned any other use of the bill of particulars than that which has been mentioned. In Harrington v. Macmorris (5 Taunt. 228,) Sir James Mansfield, has received the bill of particulars in evidence at the circuit as containing an admission against the defendant; but he afterwards united with his brethren in correcting the error, and ordered the verdicts set aside and a nonsuit to. be entered. Where it is material, pleadings may be given in evidence for the purpose of proving a lis pendens (Brown v. Littlefield [123], 7 Wendell, 454); but that is a very different mattter from giving them in evidence for the purpose of concluding the party by any admission which they may contain. The party may make an admission in one suit or one plea, which he would be very unwilling to follow in *15 another. A fact which is either directly or impliedly admitted in pleading, will be deemed true for all the purposes of that issue, but it may still be that the fact does not exist, and that it was only conceded in the particular case because the party did not think it important in relation to that matter to put it in issue.
In this case the defendant was sued by the plaintiffs and also by Webb. He had made a payment which he was entitled to have allowed in one of the suits. He pleads or gives notice of the claim in both suits; and if the doctrine laid down at the circuit wrere fully carried out, he has forfeited the payment, and can not have it allowed in either suit. The judge held that the defendant was concluded in this suit by having set up and claimed the payment in the Webb suit. If the same doctrine should be applied on the trial of the Webb suit, the defendant would be again concluded by having set up and claimed the payment in this; and the result would be that he must lose the money altogether. This shows, I think, that the bill of particulars was improperly received in evidence. In the suit to which it belongs it will perform its appropriate office; but in this action it should neither conclude the defendant nor prejudice his rights.
But if the bill of particulars was properl)' in evidence for any purpose, it was not conclusive upon the defendant—it did not operate by way of estoppel. At most it was but evidence to be considered by the jury in connection with the testimony of the witnesses. The judge decided that whether the note was paid or not, was a question of law for the court. In that I think he erred. The testimony was to some extent contradictory, and it was the appropriate office of the jury to say what was the truth of the case. If the witness Kittle gave a true account of the transaction, this note had been paid and without calling in question the integrity of the other witness, the jury would have been warranted in finding/a verdict for the de- [24] fendant. Powell only contradicts Kittle in one^particular. He testified that nothing was said about applying the payment on this note. This is only negative evidence. The payment may have been made on this note, and the fact may have been forgotten by Powell. Kittle swears positively to the affirmative fact of having made the payment on this note; and he can not be mistaken, for he was sent for the special purpose of performing that act, and no other. His account of the matter is either substantially true, or he has committed perjury. The circumstances of the case tend to confirm his statement. Why did the defendant send the precise amount due on this note, and why pay the particular sum of $102-28, unless it was for the purpose of taking up this note? And why should the defendant make a payment on the demand of Webb, which he insisted had already been paid, and which, as the witness says, was a disputed and contested account? But without undertaking to say which way the balance of evidence preponderated, it is enough that there was a question of fact which should have been submitted to the jury.
It is said that the defendant has acquiesced in the application of the payment to the demand of Webb; that he has held the'receipt which was given for the money without making any objection; and the case is likened to one where a merchant receives a stated account from another house with which he has transactions, and retains it for a long period without questioning its accuracy. The two cases are not parallel. Stating an account is a rightful act in the ordinary cause of business. If the party receiving the account, keep it a long time without objection, it raises a presumption, more or less strong according to circumstances, that the account is properly stated. But in this case, the first question is, whether Powell acted properly in applying the money and giving the receipt which he delivered to the defendant’s son. If that was a wrongful act (and it clearly was if the witness, Kittle, *16 has spoken truly,) it could impose no obligation whatever on the defendant. His dissent was already expressed, and there was no occasion for repeating it. No man by doing wrong, can make it the duty of another to [25] complain of the injury at the peril of being concluded by his silence. And besides, what acquiescence has there been on the part of the defendant? It does not appear when this suit was commenced; it was tried only eight months after the payment was made, and for aught that appears, the suit may have been brought the next day after the transaction in question. Clearly, the defendant was neither bound to negotiate nor complain after he was called into court; his silence authorized no presumption against him; and the inquiry returns, whether the payment was in fact made on this note, or on the demand of Webb. That was a question of fact for the jury.
It is said that Powell as attorney for the plaintiffs, had no authority to receive the note of Baker & Walbridge in part payment of this note. It is enough to say, that the cause was not put upon that ground at the circuit.
New trial granted.