### Robert E. Hill v. John Callaghan and another.

*Plea: General issue: Special notice: Want of consideration: Prohibitory liquor law.* Under our statutory general issue, pleaded to a declaration upon the money counts on an accepted order, it is competent, as it was under non-assumpsit, to show, without giving special notice of such defense, that the instrument sued on was never valid,—as, by evidence that the sole consideration for it was the sale of spirituous and intoxicating liquors, contrary to the laws of Michigan.

*Submitted on briefs April 6.     Decided April 13.*

Error to Superior Court of Detroit.

*B. T. Prentis,* for plaintiff in error.

*Don M. Dickinson,* for defendants in error.

GRAVES, CH. J.

The defendants in error declared on the money counts, and stated under the usual notice, that they would seek to recover upon an instrument described as follows:

"$323.56.                    LOUISVILLE, Ky., Jan. 28, 1873.

"Sixty (60) days after date pay to the order of ourselves three hundred and twenty-three dollars and fifty-six cents.
                              "CALLAGHAN & TRIGG.
"To Robert E. Hill & Co., Detroit, Mich.

"Accepted, payable at the Merchants and Manufacturers' Bank.
                              "ROBERT E. HILL & Co."

The plaintiff in error pleaded the general issue. On the trial the defendants in error, to maintain their action, offered in evidence an instrument of the following tenor:

"323.50.                     LOUISVILLE, Ky., Jan. 28, 1873.

"Sixty days after date, pay to the order of ourselves three hundred and twenty-three dollars and fifty cents.
                              "CALLAGHAN & TRIGG.
"To Robert E. Hill & Co., Detroit, Mich.

"Accepted, payable at the Merchants and Manufacturers' Bank.

"ROBERT E. HILL."

Endorsed, "Callaghan & Trigg."

The plaintiff in error objected that the paper, as set forth upon the declaration under the notice, did not purport to have been endorsed by Callaghan & Trigg, whilst the instrument offered had such endorsement, and therefore that the copy given with the declaration was not a true one.

He further objected that it did not appear that the endorsement on the paper offered was the genuine endorsement of Callaghan & Trigg, and further, that it was not shown that they owned the paper.

The court overruled the objections, and admitted the instrument, and the defendants in error rested.

The plaintiff in error then offered to show that the sole consideration for his undertaking was the sale of spirituous and intoxicating liquors contrary to the laws of Michigan, and was void.

This was excluded on the specific objection that the evidence was inadmissible under the general issue, in the absence of a special notice of such defense; and no further evidence being offered, the court gave judgment for the defendants in error.

The case has been submitted without argument, and no brief has been furnished except by the plaintiff in error. We are not apprised consequently of the grounds, if any, which the defendants in error might be inclined to urge in support of the rulings below, and in view of this circumstance, and inasmuch as the points first made will not be apt to arise in the future proceedings, we are disposed to decide the case upon the last and main question.

The proof offered by the plaintiff in error, as to the consideration for his undertaking, should have been admitted against the objection taken. It contemplated a showing that the instrument relied on as ground of recovery never

had any validity whatever, and hence that the defendants in error never had any lawful cause of action. Such a defense has always been considered admissible under non-assumpsit, without any notice, and our statutory general issue most certainly affords equal scope.

The proposition appears too plain to require any thing more than a reference to a few authorities.—*Dean v. Chapin,* *22 Mich., 275; Agent of State Prison v. Lathrop, 1 Mich., 438; Kinnie v. Owen, id., 249; Craig v. Missouri, 4 Pet., 410; Hilton v. Burley, 2 N. H., 193; Brown v. Littlefield, 7 Wend., 454; 1 Burrill's Pr., 166,* and authorities cited.

The judgment should be reversed, with costs, and a new trial ordered.

COOLEY, and CAMPBELL, JJ., concurred.