LAURA WOODEN, Respondent, *v.* THE WESTERN NEW YORK AND PENNSYLVANIA RAILROAD COMPANY, Appellant.

*It seems* that an action for an injury to the person in another state is maintainable here without proof of the *lex loci*, because permitted by the common law which is presumed to exist in the foreign state.

Where, however, the right of action depends upon a statute conferring it, it can only be maintained here upon proof that the statute law, in the state in which the injury occurred, gives the right of action and is similar to our own.

The statutes of the two states need not be precisely alike; it is sufficient if they are of similar import and character, founded upon the same principle and possessing the same general attributes; the right is not affected by mere difference of detail.

Plaintiff's complaint alleged, in substance, that she is a resident of this state, and defendant is a domestic corporation operating a line of rail-

road extending into the state of Pennsylvania; that plaintiff's husband was killed in that state through the negligence of defendant; that the statutes of said state give a right of action in such case for the injury sustained, to the widow for her own benefit and that of the children of decedent, and that such statute is of similar import to the law in this state. *Held,* that the complaint set forth a good cause of action, and that a demurrer thereto was properly overruled; that the right of action given by the statutes of the two states is for the benefit of the same class of individuals; that while by our statute it is given to the executor or administrator of the decedent, it is to him simply as trustee; and that the difference in the trustee appointed by the two statutes to represent the parties injured, was not such as to bar the tribunals of this state of jurisdiction.

Also *held,* that the action was properly brought by the widow, as such, not as administratrix, as it is the cause of action created and arising in the state of Pennsylvania which is enforced, and so, the action must be prosecuted in the name of the party to whom alone the right of action belongs.

But *held,* that the limitation imposed by the laws of this state upon the amount of recovery applied; that plaintiff, having voluntarily availed herself of our remedial procedure, must submit to the limitation, although none is imposed by the law of Pennsylvania.

(Argued February 23, 1891; decided March 10, 1891.)

Appeal from an interlocutory judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made January 15, 1891, which overruled a demurrer to the complaint herein.

This was an action to recover damages for the alleged negligent killing of plaintiff's husband by defendant.

The complaint alleged, in substance, that plaintiff is a resident of New York state; that she was appointed by the surrogate of Erie county, N. Y., administratrix of her husband's estate; that defendant is a domestic corporation operating a railroad, a portion of which extended into Pennsylvania; that her husband was killed in said state by its negligence; that he left no will, but left plaintiff, his widow, and three children him surviving; that in consequence of such negligence plaintiff and said children sustained damages to the amount of $20,000; that the statute of Pennsylvania allows an action in such case to be maintained by the widow, the sum recovered to go to

her and the children in the proportion they would take his other personal property in case of intestacy; that such statute does not limit the amount of recovery; that such statute is similar to the provision of the Code of Civil Procedure of the state of New York, in relation to actions to recover damages for negligence causing death. Judgment was demanded for $20,000.

*John G. Milburn* for appellant. The complaint fails to show that this action may be maintained by the plaintiff as the widow of the decedent on behalf of herself and her children. (*Leonard* v. *C. S. N. Co.*, 84 N. Y. 48; *Debevoise* v. *N. Y., L. E. & W. R. R. Co.*, 98 id. 377; Code Civ. Pro. § 1902; *Clark* v. *Dillon*, 97 N. Y. 370.) The widow of the decedent cannot maintain an action of this nature in this state though she may be the party designated by the Pennsylvania statute, and the court holds that the complaint sufficiently shows this. (*Hegerich* v. *Keddie*, 99 N. Y. 258; *Usher* v. *R. R. Co.*, 126 Penn. St. 206; *Whitford* v. *R. R. Co.*, 23 N. Y. 465; Story on Confl. of Laws, §§ 558, 565; Wharton on Confl. of Laws, § 719; *Stoneman* v. *R. Co.*, 52 N. Y. 429; *Andrews* v. *Hernott*, 4 Cow. 508; *Bank of U. S.* v. *Donolly*, 8 Pet. 372; *Smith* v. *Spinola*, 2 Johns. 198.) The Pennsylvania and New York statutes are so dissimilar that no action can be brought in this state when the death occurs in Pennsylvania. (*Dennick* v. *R. R. Co.*, 103 U. S. 21; *McDonald* v. *Mallory*, 77 N. Y. 546; *Leonard* v. *N. Co.*, 84 id. 53; *Debevoise* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 377; Code Civ. Pro. §§ 1902, 1903, 1904; *Usher* v. *R. R. Co.*, 126 Penn. St. 206; *R. Co.* v. *McCormick*, 71 Tex. 660; *McCarty* v. *R. R. Co.*, 18 Kan. 46, 51; *Vawter* v. *R. R. Co.*, 84 Mo. 679; *Davis* v. *R. R. Co.*, 143 Mass. 301; *O'Rielly* v. *R. R. Co.*, 42 Am. & Eng. R. R. Cas. 50; *The Alaska*, 130 U. S. 201, 209.)

*Harlow C. Curtiss* for respondent. The statutes of the state of Pennsylvania have created a cause of action in favor of the widow, as trustee for the benefit of herself and of the

children of her deceased husband, whenever the death of said husband shall have been occasioned by unlawful violence or negligence, the proceeds to be distributed when recovered, as in cases of intestacy. (*H. & B. T. R. R. Co.* v. *Decker*, 84 Penn. St. 419.) A cause of action for wrongfully causing the death of a person, accruing and given by the statute of one state or country may be enforced in any other state or country where jurisdiction of the parties can be obtained, provided that the laws of both countries correspond or substantially concur in giving a right of action for the injury complained of. (*Leonard* v. *C. S. N. Co.*, 84 N. Y. 48, 52 ; *Dennick* v. *N. J. C. R. R. Co.*, 103 U. S. 11, 21 ; *Stalknecht* v. *P. R. R. Co.*, 13 Hun, 451 ; *Burns* v. *G. R. & I. R. R. Co.*, 37 Alb. L. J. 228 ; *McDonald* v. *Mallory*, 77 N. Y. 546 ; *Debevoise* v. *N. Y., L. E. & W. R. R. Co.*, 99 id. 377 ; *Knight* v. *W. J. R. R. Co.*, 108 Penn. St. 250 ; *Whitford* v. *P. R. R. Co.*, 23 N. Y. 465 ; *Beach* v. *B. S. S. Co.*, 30 Barb. 433 ; *Crowly* v. *P. R. R. Co.*, 30 id. 99 ; *Cavanaugh* v. *O. S. N. Co.*, 19 Civ. Pro. Rep. 391, 392 ; *Robinson* v. *O. S. N. Co.*, 16 id. 255 ; 112 N. Y. 321 ; *Harrisburg* v. *Rickards*, 119 U. S. 199 ; *People* v. *Newell*, 1 How. Pr. 15 ; *Jessup* v. *Carnegie*, 80 N. Y. 441 ; *Patton* v. *R. Co.*, 96 Penn. St. 169 ; *Hunt* v. *Hunt*, 72 N. Y. 236 ; *Vandeventer* v. *N. Y. & N. H. R. R. Co.*, 27 Barb. 244.) The statutes of the state of New York and Pennsylvania in regard to such actions are certainly of similar import and character, and the similarity is such as to authorize the conclusion that they are founded upon the same principles and possess the same general attributes and purpose and aim. (*Books* v. *Danville*, 95 Penn. St. 153 ; *Hegerich* v. *Keddie*, 99 N. Y. 267 ; *Dickins* v. *N. Y. C. & H. R. R. R. Co.*, 23 id. 158 ; *Yirtore* v. *Wiswall*, 16 How. Pr. 8.) Absence, in the foreign statute, of limitation as to amount of damages recoverable for death caused by negligence is not a dissimilarity. (*Dennick* v. *N. J. C. R. R. Co.*, 103 U. S. 11.) The allegation that the plaintiff is administratrix, etc., is competent, and does not, taken with statements as to right of action in the widow, constitute an improper rejoinder of two separate causes

of action. (*Ducker* v. *Rapp*, 66 N. Y. 464; *Stilwell* v. *Carpenter*, 2 Abb. [N. C.] 258; 22 N. Y. 639.)

FINCH, J. This appeal is from an interlocutory judgment overruling a demurrer and determining that the complaint assailed stated a good cause of action. That pleading alleged that the plaintiff was and is a resident of this state, and the defendant, a corporation created and existing under our laws. The contest thus is between a resident individual and a domestic corporation. The latter owned and operated a line of railroad extending beyond our boundaries into the adjoining state of Pennsylvania, and the complaint alleged that in that state the plaintiff's husband was killed by the negligence of the defendant company. The complaint further averred that the statutes of that state gave a right of action for the injury sustained by the widow and children; that the remedy could be enforced in the name of the former as plaintiff, but for her own benefit and that of the children; and that such statute was of similar import to that existing in our own jurisdiction. Judgment was thereupon demanded for damages in the sum of twenty thousand dollars.

The demurrer interposed raised two objections: first, that the statutes of the two states were not similar, but different; and, second, that the action could not be maintained here in the name of the widow, but only in that of an executor or administrator of the deceased: and the final result sought to be established was that the widow could not maintain an action in this state because that is contrary to our statute, and that the administratrix could not because that is contrary to the Pensylvania statute: and so, there is no remedy whatever in our jurisdiction.

Certain propositions essential to the inquiry before us have been explicitly determined in *McDonald* v. *Mallory* (77 N. Y. 546), and need no other citation for their support. That case held that the liability of a person for his acts, whether wrongful or negligent, depends in general upon the law of the place in which the acts were committed; that actions for

injuries to the person in another state are sustained here without proof of the *lex loci* because they are permitted by the common law which is presumed to exist in the foreign state: that such presumption does not arise where the right of action depends upon a statute which confers it: and that in such case the action can only be maintained here by proof that the statutes of the state in which the injury occurred give the right of action and are similar to our own.

Upon the question of similarity we have also held that the two statutes need not be identical in their terms or precisely alike, but it is enough if they are of similar import and character, founded upon the same principle and possessing the same general attributes. (*Leonard* v. *Columbia Steam Nav. Co.,* 84 N. Y. 53.) It is quite evident that the two statutes are of similar import. They are founded upon the same principle, are aimed at the same evil, construct the same sort or kind of action, and give it for the benefit of the same class of individuals. In both the utter failure of redress at common law where the injury ended in death was the injustice for which a remedy was enacted ; and in both the new action was given for the benefit of those who had suffered an injury as the consequence of the wrong. This fundamental agreement in the main and substantial characteristics of the two statutes is not affected by the differences of detail which the demurrer points out.

The first is that by the *lex loci* the proper person to bring this action, and the only person who can maintain it, is the widow, while by our law the right of action is given to the executor or administrator. But it is given to the latter not in his broad representative character, but solely as trustee, in a case like the present, for the widow and children. (*Hegerich* v. *Keddie,* 99 N. Y. 267.) It is not a right which survives to the personal representatives, but a right created anew. The real parties in interest, those whose injury is redressed, whose right is vindicated, to whom all damages go, are one and the same in both forums. If the formal parties are different, the substantial and real parties are identical, and the difference in

the trustee appointed by the law to represent their right is not such a difference as to bar our tribunals from their jurisdiction, or make the two statutes dissimilar under the rule.

It is claimed, however, that even in that event the right of action accruing in the place of the transaction can only be enforced in our jurisdiction under our remedial forms, and so, should have been brought by the plaintiff not as widow, but as administratrix, to which office she had been appointed in this state. But it must not be forgotten that the cause of action sued upon is the cause of action given by the *lex loci,* and vindicated here and in our tribunals upon principles of comity. (84 N. Y. 53, *supra.*) That cause of action is given to the widow in her own right and as trustee for the children, and we open our courts to enforce it in favor of the party who has it, and not to establish a cause of action under our statute which never in fact arose. We refer to the *lex fori* and measure it by and compare it with the *lex loci,* I think, for two reasons: one, that the party defendant may not be subjected to different and varying responsibilities, and the other, that we may know that we are not lending our tribunals to enforce a right which we do not recognize, and which is against our own public policy; and we do not refer to our law as creating the cause of action which we enforce. It is the cause of action created and arising in Pennsylvania which our tribunals vindicate upon principles of comity, and, therefore, must be prosecuted here in the name of the party to whom alone belongs the right of action : and that rule the courts of Pennsylvania enforce where the cause of action arises here, by permitting it to be brought by the executor or administrator to whom by our law the right is given, although not by their own. ( *Usher* v. *West Jersey R. Co.,* 126 Penn. St. 207.)

But the second difference relied on is that in Pennsylvania there is no restriction upon the amount of damages which may be recovered, while in our state they cannot exceed five thousand dollars. That restriction pertains to the remedy rather than the right. (*Dennick* v. *Central Railroad of New*

*Jersey*, 103 U. S. 11.)    It is a limitation upon the discretion of the jury in fixing the amount of damages, but not upon the right of action or its inherent elements or character.    The restriction indicates our public policy as to the extent of the remedy, and the plaintiff who chooses to avail herself of our remedial procedure must submit to our remedial limitations and be content with a judgment beyond which our courts cannot go.    They cannot exceed it in a case arising here, and no principle of comity requires them to enlarge the remedy which the plaintiff voluntarily seeks.    There may be, there very possibly is, an exception to that rule, resting upon its own peculiar reasons, in a case where the defendant is not, as here, a domestic corporation, formed under our law, and so entitled to the benefit of our remedial limitations, but is a corporation of the state within whose jurisdiction the cause of action arose, and by whose law no restriction upon the amount of damages is permitted or enacted.    We do not decide that question; but the same reasoning which would expose such a corporation to the law of its own jurisdiction would serve equally to justify the right of the domestic corporation to be protected by the remedial limitations of its jurisdiction.    The difference between the two statutes, therefore, does not strictly affect the rule of damages, but rather the extent of damages, and that extent, as limited or unlimited, does not enter into any definition of the right enforced or the cause of action permitted to be prosecuted.    And so the causes of action in the two forums are not thereby made dissimilar.    These views lead to an affirmance of the interlocutory judgment.

That judgment should be affirmed with costs, but with leave to the defendant to withdraw the demurrer and plead anew within twenty days after service of a copy of the judgment entered upon filing the remittitur, and upon payment of the costs of the action from the interposition of the demurrer to that date.

All concur.

Judgment accordingly.