JOHN C. LEE, PLAINTIFF IN ERROR, v. SAMUEL HEATH, DEFENDANT IN ERROR.

1. A judgment of the Supreme Court, reversing a judgment of the Circuit and remitting the record for further proceedings according to law, is final so far as to render it subject to review by writ of error in this court.

2. A bill of particulars delivered by one party in a cause to the other, is legitimate evidence for the latter on the trial of the issue to which it relates, not only for the purpose of limiting the proofs to be offered by the party who delivered the bill, but also as an admission by him to be considered by the jury.

On error to the Supreme Court.

For the plaintiff in error, *Barton B. Hutchinson* and *Edwin Robert Walker.*

For the defendant in error, *Buchanan & Rellstab.*

The opinion of the court was delivered by

DIXON, J.    In an action upon contract brought in the Circuit Court of Mercer county, the plaintiff recovered judgment on the verdict of a jury. Afterwards the defendant sued out a writ of error from the Supreme Court, and thereupon that court rendered judgment reversing the judgment of the Circuit for alleged errors at the trial and remitting the record to the court below for further proceedings according to law. That judgment of the Supreme Court the plaintiff has brought into this court by writ of error, and the defendant now asks for the dismissal of the writ because, as the

judgment of the Supreme Court contemplates a new trial in the Circuit, it is not, he insists, a final judgment.

In the Supreme Court of the United States such judgments in State Courts are not considered final, so as to warrant their removal into the federal tribunal. *Brown* v. *Union Bank*, 4 *How.* 465; *Tracy* v. *Holcombe*, 24 *Id.* 426. One ground for this opinion seems to be that in the new trial the federal question may be eliminated, and thus the basis for federal jurisdiction may ultimately be lacking. *Parcels* v. *Johnson*, 20 *Wall.* 653. But in *Baker* v. *White*, 92 *U. S.* 176, the same opinion was expressed with regard to a judgment of reversal in a federal court. Elsewhere, however, a different view has prevailed, resting apparently on the idea that, by the writ of error, a new suit has been instituted (*Batcheler* v. *Ellis*, 7 *T. R.* 333; 2 *Tidd* 1064), and in that suit the judgment of reversal is the final judgment of the court in which that action is pending. *Bac. Abr., tit. "Error," ch. I.; 1 Chit. Arch. Pr.* 511, 518; *Hartung* v. *People*, 26 *N. Y.* 154, and cases cited. In accordance with this view the practice in New Jersey has been regulated. *Den* v. *O'Hanlon*, 1 *Zab.* 582; *Brundred* v. *Muzzy*, 1 *Dutcher* 268, 674; *Todd* v. *Jackson*, 2 *Id.* 525; *Perrine* v. *Cooley*, 13 *Vroom* 623; *Snyder* v. *Insurance Company*, 30 *Id.* 544. This practice is justified by the fact that the substantial matter for consideration is the legality of the original judgment, which unquestionably was a final judgment, and if legal ought to be restored.

The writ of error, therefore, should not be dismissed, and consequently we must examine the merits of the case.

One of the grounds on which the Supreme Court reversed the judgment of the Circuit is, that at the trial the judge refused to permit the defendant to put in evidence a bill of particulars which, on demand, the plaintiff had delivered to the defendant.

The primary object of such a bill is to give the defendant notice of the claim which the plaintiff proposes to set up at the trial, so that the defendant may properly prepare his defence; and, in order that its object may be attained, the

effect of the bill is to limit the plaintiff's proof to the matters therein specified. But, since a bill so furnished on demand does not form part of the record or files in the cause, it can serve its purpose only by being put in evidence at the trial. That for this purpose the defendant is entitled to offer it is beyond question. *Clinton* v. *Ryan, Pen.* \*755; *Starkweather* v. *Kittle,* 17 *Wend.* 20.

But the bill has also a further legitimate effect. On the trial of the issue to which it relates it becomes evidence, as an admission, against the party delivering it, and as such is proper for the consideration of the jury. *Kenyon* v. *Wakes,* 2 *Mees. & W.* 764; *Rowland* v. *Blaksley,* 1 *Q. B.* 403; *Hart* v. *Middleton,* 2 *Car. & K.* 9. It would seem to be unreasonable that, while a statement casually made by a party is receivable as evidence against him, a statement deliberately made, in response to a demand for the exact truth, should be deemed incapable of probative force.

In the present case the bill of particulars claimed $100 for moneys expended by the plaintiff for the use and at the request of the defendant. On the trial the plaintiff testified that he thought he had spent in the neighborhood of $200 in the defendant's business, and the judge charged the jury that if they rendered a verdict for the plaintiff it should be such as would reimburse him for the money which he had expended.

It thus appears that, by the exclusion of the bill of particulars, the defendant was deprived of the benefit of it, both as a restriction of the plaintiff's claim and as an aid to the jury in the ascertainment of the truth on a substantial matter.

For this reason the judgment of the Supreme Court reversing the judgment of the Circuit should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DEPUE, DIXON, LUDLOW, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH. 12.

*For reversal*—None.