Lillian Romaine, as Administratrix, etc., of Wayland D. Romaine, Deceased, Appellant, v. The New York, New Haven and Hartford Railroad Company, Respondent.

*Defense of the pendency of another action for the same cause — not avoided by proof that the complaint therein is demurrable — complaint in the former action proved by a copy thereof.*

In an action to recover damages for the negligent act of the defendant, a steam railroad company, in the State of Connecticut resulting in the death of the plaintiff's intestate the defendant interposed the defense that another action had already been brought and was pending in the State of New York for the same cause. In that action the defendant had set up a defense on the merits.

To avoid the defense based on the pendency of the other action the plaintiff produced a statute of the State of Connecticut providing that no suit on account of the death of any person caused by negligence shall be maintained against a steam railroad company unless written notice of a claim therefor shall have been given to the company within four months, and contended that as no such notice was alleged to have been given by the complaint in such former action such complaint was radically defective and demurrable.

*Held*, that, the defendant not having raised the objection of want of notice in the former action, the defense based upon the pendency of such former action was properly sustained;

That the pendency of the other action might be established by reading in evidence a copy of the complaint shown to be the same as that served upon the defendant's attorney, and that it was not necessary to produce the original complaint.

APPEAL by the plaintiff, Lillian Romaine, as administratrix, etc., of Wayland D. Romaine, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 5th day of January, 1903, upon the dismissal of the complaint by direction of the court after a trial at the Orange Trial Term.

*Robert H. Barnett*, for the appellant.

*Walter C. Anthony*, for the respondent.

WILLARD BARTLETT, J.:

This action was brought by an administratrix to recover damages against the defendant corporation for having negligently caused the death of her intestate, who was killed by an accident on the New York, New Haven and Hartford railroad, in the State of Connecticut, while in the service of the defendant as a conductor. The sole defense was the pendency of a former action for the same cause in the Supreme Court of this State, the venue being laid in Dutchess county. The pleadings in this prior suit were put in evidence; and a comparison of the complaint in that action and the complaint in this leaves no doubt in my mind that the defense was completely established. The basis of the action in each case was negligence arising out of precisely the same occurrence, at the same time and in the same place; and the theory upon which the administratrix sought to enforce her claim for damages in this State, arising out of a negligent or wrongful act committed in another State, was that

upon which the Court of Appeals affirmed the judgment in *Wooden v. Western New York & Pennsylvania R. R. Co.* (126 N. Y. 10).

It seems that there is a statute in Connecticut which provides that no suit, on account of the death of any person caused by negligence, shall be maintained against a steam railroad company unless written notice of a claim therefor shall have been given to the defendant within four months after the neglect of which complaint is made. The appellant contends that inasmuch as no such notice was alleged to have been given in the Dutchess county action, that complaint was radically defective and demurrable. Even if this view be correct, however, it does not necessarily affect the validity of the defense based on the pendency of the Dutchess county action. The defendant there did not interpose any objection that the statutory notice required by the laws of the State of Connecticut was wanting, but put in an answer setting up a defense on the merits. If the complaint was demurrable, the right to demur had been waived.

It is argued that the court erred, on the trial of the present action in receiving in evidence a copy of the complaint in the Dutchess county action instead of requiring the production of the original. The copy was sufficiently proved by the testimony of the attorney for the defendant, who swore that it was the paper which had been served upon the corporation; and it has been held that the pendency of a former suit may be established by reading in evidence a copy of the declaration served upon the defendant's attorney. (*Brown v. Littlefield*, 7 Wend. 454.)

I think this judgment should be affirmed.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ.

Judgment unanimously affirmed, with costs.