### ROMAINE v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department.   November 13, 1903.)

1 ABATEMENT—ANOTHER ACTION PENDING—DEFECT OF PLEADINGS—WAIVER.
　　In an action against a railroad for negligent death caused in the state of Connecticut, defendant pleaded another action pending.  Plaintiff contended that the complaint in the other action was radically defective, in that it failed to allege notice of claim given to defendant as required by a Connecticut statute.  Defendant, however, had not demurred to the complaint, but had pleaded to the merits.  *Held*, that defendant had waived the right to demur, and hence the defective complaint did not affect the validity of the defense.

2. SAME—EVIDENCE—COPY OF PLEADINGS.
　　Under the defense of another action pending, it is not error to admit in place of the original a copy of the complaint in such other action, proved by testimony of defendant's attorney to be the paper served upon defendant.

Appeal from Trial Term, Orange County.

Action by Lillian Romaine, as administratrix of Wayland Romaine, deceased, against the New York, New Haven & Hartford Railroad Company.  From a judgment dismissing the complaint, plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Robert H. Barnett, for appellant.
Walter C. Anthony, for respondent.

WILLARD BARTLETT, J.  This action was brought by an administratrix to recover damages against the defendant corporation for having negligently caused the death of her intestate, who was killed by an accident on the New York, New Haven & Hartford Railroad, in the state of Connecticut, while in the service of the defendant as a conductor.  The sole defense was the pendency of a former action for the same cause in the Supreme Court of this state, the venue being laid in Dutchess county.  The pleadings in this prior suit were put in evidence, and a comparison of the complaint in that

action and the complaint in this leaves no doubt in my mind that the defense was completely established. The basis of the action in each case was negligence arising out of precisely the same occurrence, at the same time, and in the same place; and the theory upon which the administratrix sought to enforce her claim for damages in this state, arising out of a negligent or wrongful act committed in another state, was that upon which the Court of Appeals affirmed the judgment in Wooden v. Western New York & Pennsylvania R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803.

It seems that there is a statute in Connecticut which provides that no suit on account of the death of any person caused by negligence shall be maintained against a steam railroad company unless written notice of a claim therefor shall have been given to the defendant within four months after the neglect of which complaint is made. The appellant contends that, inasmuch as no such notice was alleged to have been given in the Dutchess county action, that complaint was radically defective and demurrable. Even if this view be correct, however, it does not necessarily affect the validity of the defense based on the pendency of the Dutchess county action. The defendant there did not interpose any objection that the statutory notice required by the laws of the state of Connecticut was wanting, but put in an answer setting up a defense on the merits. If the complaint was demurrable, the right to demur had been waived.

It is argued that the court erred on the trial of the present action in receiving in evidence a copy of the complaint in the Dutchess county action, instead of requiring the production of the original. The copy was sufficiently proved by the testimony of the attorney for the defendant, who swore that it was the paper which had been served upon the corporation; and it has been held that the pendency of a former suit may be established by reading in evidence a copy of the declaration served upon the defendant's attorney. Brown v. Littlefield, 7 Wend. 454. I think this judgment should be affirmed.

Judgment affirmed, with costs. All concur.