JOHN PALUK AND ANDREW PALUK, BY NEXT FRIEND, ETC., PETITIONER-DEFENDANT, v. UNITED COLOR & PIGMENT COMPANY, RESPONDENT-PROSECUTOR.

Argued October 1, 1946—Decided November 20, 1946.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Kalisch & Kalisch (Isidor Kalisch)*.

For the defendant, *Robert Scherling* and *John A. Laird*.

The opinion of the court was delivered by

BODINE, J. In the present case, a workmen's compensation proceeding, the cause had been remanded by Judge Richard Hartshorne of the Essex Pleas to the Workmen's Compensation Bureau with respect to certain of the petitioners named in the claim petition. There was no final judgment but a mere remand to the Bureau.

Obviously the order was in all respects proper. *Hawthorne* v. *Van Keuren,* 127 *N. J. L.* 501. There should be no review in this court except on a final judgment.

During the trial in the Bureau, the petitioner recalled its witness one Smolski, and the following occurred: "*Q.* Now, Mr. Smolski, I am going to show you a picture——*A.* (Interrupting) Yes. *Q.* I am going to ask you whether you recognize it. (Handed to the witness.) Mr. Hubley: I will ask that the witness be instructed to answer, yes or no, your

Honor. The witness: That's right. *Q.* Yes or no? *A.* Yes, sir. *Q.* What does that picture show? *A.* This is the drier that Metro got killed. Mr. Scherling: I offer the photograph in evidence. Mr. Hubley: Does the date appear when that picture was taken? Mr. Scherling: No. Mr. Hubley: I object if it please the court. *Q.* Does this photograph show the place where Metro died? *A.* Right here (indicating). Mr. Hubley: Just a minute—— *Q.* (Interrupting) And does it show the conditions as they existed at that time? Mr. Hubley: Just a minute. I object to the question, if it please the court, as leading. The court: It is leading. The witness: Right there (indicating). Mr. Hubley: This is not a proper way to identify it. Mr. Scherling: There are certain questions which I think are fundamentally leading when you ask them. I asked him whether or not the photograph taken at that time was a photograph of the room, and he said, yes. *Q.* Is that the way the room looked at that time? *A.* That's right. *Q.* Yes or no? *A.* That's right. Mr. Scherling: I offer the photograph in evidence. Mr. Hubley: I object. There has been no offer made as to when the picture was taken. Counsel is apparently a little shy about when it was taken. Mr. Scherling: It was taken immediately after. I don't want to testify, but it was taken the next day by the police department of the City of Newark. Mr. Hubley: It was taken the next day? Mr. Scherling: That's right. Mr. Hubley: I object, if it please the court. The court: I will sustain the objection. That is not the way to prove it. Mr. Scherling: I submit, if it please the court, as I understand the law in this state; photographs can be identified by the person who took it, if available, or some person who can testify as to the authenticity of the photograph at the time the circumstances occurred, and I submit most respectfully that this photograph does show the conditions that existed at the time, and as testified to by this witness. The Court: I will sustain the objection. Mr. Scherling: I pray an exception. One more question." Obviously, the ruling was wrong.

The purpose of the question was to show the appearance of the place where the man was killed. The witness was a foreman; he found the dead man's body. The exclusion of the

pertinent testimony (the photograph of the place where the accident occurred), which was most material upon the question whether the death occurred by accident in the course of the employment, was error. There was no justification for such ruling. *State* v. *Fox,* 25 *N. J. L.* 566, 602; *Wigm. Ev.* (*3d ed.*), §§ 793, 794; *Sidway* v. *Greater Atlantic Finance, &c., Co.,* 12 *N. J. Mis. R.* 83 (at *p.* 86).

The application for *certiorari* was, in the first instance, denied by a single justice. Its renewal before us was without merit.

Although it was stipulated that we may decide the case as though final judgment had gone, we do not see how that can be done. We cannot forecast what the judgment of the Bureau may be, when the proofs are complete, or what the judgment of the Pleas may be. Unnecessary delays prevented the final judgment.

The writ will be denied, with costs.