42 N.J. Super. 174 (1956)
126 A.2d 41
WILLIAM GROGAN, PETITIONER-RESPONDENT,
v.
WILLIAM J. SCULLY, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 24, 1956.
Decided October 11, 1956.
*176 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Robert C. Gruhin argued the cause for the respondent (Mr. Jacob Stiskin, attorney).
Mr. Isidor Kalisch argued the cause for the appellant (Mr. Stanley U. Phares, attorney).
The opinion of the court was delivered by FRANCIS, J.A.D.
In this workmen's compensation case a basic issue is whether the contract of employment out of which the employee's injury arose was made in New Jersey or New York. The Division held that it had a New York situs and dismissed the petition for lack of jurisdiction. The County Court reversed, holding that the proof brought the action within Gomez v. Federal Stevedoring Co., Inc., 5 N.J. Super. 100 (App. Div. 1949).
At the initial hearing, the only testimony taken related to the contract issue. The judgment of reversal in the County Court remanded the claim for the taking of necessary proof on the subject of disability and the fixing of the amount of compensation to be paid. Obviously, until the disposition of that aspect of the case there could be no final judgment.
In spite of the remand, the employer has undertaken to review the ruling of the County Court. The employee argues that the judgment is interlocutory and the notice not having been filed within ten days after the entry of the judgment of reversal and remand, the appeal should be dismissed.
*177 We agree that the judgment is interlocutory. The employer's liability depends upon the resolution of three fundamental questions: (1) was Grogan an employee of defendant under a New Jersey contract of employment; (2) if so, did he sustain an accident arising out of and in the course of the employment, and (3) did he suffer injury thereby which caused medical expenses and temporary or permanent disability. Only the first problem was tried out. The other two will remain unresolved until the remand is executed in the Division. Until that time there will be no final judgment in the sense of our present rules, that is, one which disposes of all the issues in controversy upon which the right to recovery depends. Petersen v. Falzarano, 6 N.J. 447 (1951); Sagarese v. Board of Health of Town of Morristown, 27 N.J. Super. 400 (App. Div. 1953). And it has been held in at least three unreported workmen's compensation cases that where a dismissal is ordered in the Division on an issue of liability (not involving jurisdiction over the subject matter) and a reversal occurs in the County Court accompanied by a remand to have the amount of the award determined, the latter judgment is interlocutory and not appealable without leave. Miley v. East Rutherford Steel Erectors, Inc., A-329-55 (App. Div. 1956); McCartan v. Ewald Brothers Co., A-5-54 (App. Div. 1954); Schmidt v. P. Ballantine & Sons, A-111-53 (App. Div. 1954).
Under R.R. 2:2-3(a)(3), as it existed when this appeal was activated, interlocutory orders or judgments determining that "the court has jurisdiction over the subject matter or the person" were appealable as of right. Although the Workmen's Compensation Division is not a court (Mulhearn v. Federal Shipbuilding & Dry Dock Co., 2 N.J. 356 (1949)), the sense of the rule justifies the view espoused by appellant that it ought to be applied in the present situation and a requirement for application for leave to appeal should not be imposed. The action being reviewed is that of the County Court. Its status with respect to jurisdiction to award compensation is no greater than that of the Division. If there was no New Jersey employment relationship, *178 the claim was not within the orbit of either the administrative agency or the court.
The time limit set out for the serving and filing of a notice of appeal in such cases is ten days from the entry of the interlocutory judgment. R.R. 1:3-1(c). For cause and in the absence of prejudice, the period may be extended for 30 days on application therefor made before the end of the total time, namely, 40 days. R.R. 1:27B. Here the County Court judgment was docketed on February 24, 1956. The notice of appeal was filed on April 7, 1956, 43 days later. No request for extension was made. In this posture of the case, we have no jurisdiction to entertain the appeal. State v. Walker, 14 N.J. 475 (1954); In re Caruso's Will, 18 N.J. 26, 32 (1955); In re Pfizer's Estate, 6 N.J. 233 (1951); Borough of Neptune City v. Mestice, 31 N.J. Super. 6, 8 (App. Div. 1954), certification denied 18 N.J. 105 (1955); Bergman v. Hall, 21 N.J. Super. 476 (App. Div. 1952).
The employer contends further that the County Court judgment should be considered as final and appealable as of right within 45 days under R.R. 1:3-1(b). We have already indicated our view to the contrary. However, in support of its position, Lee v. Heath, 61 N.J.L. 250 (E. & A. 1897) and Salvato v. New Jersey Asphalt & Paving Co., 135 N.J.L. 185 (E. & A. 1947), are cited. Both of these cases were fully tried out in the trial court and final judgments entered. Reversal in the Supreme Court in one for error in the rejection of certain evidence at the trial, and in the other for error in the quantum of damages and remand in both for new trial, was held not to preclude the pursuit of a further appeal to the Court of Errors and Appeals. It was said that a writ of error in the Supreme Court constituted a new suit and the judgment therein was a final one and reviewable.
In workmen's compensation cases the appeal to the County Court is a trial de novo on the record. And following reversal of a dismissal of a petition, a final judgment awarding compensation to a workman may be entered there if *179 the record contains sufficient proof to permit it to be done. But where the state of the record does not admit of such course, the usual practice is to remand for the taking of the necessary additional testimony. And a remand of that type has been treated as an intermediate order and not subject of appeal. Paluk v. United Color & Pigment Co., 134 N.J.L. 601 (Sup. Ct. 1946); even where there had been a dismissal at the original hearing level for failure to show the jurisdictional requisite of relationship of master and servant, Povoa v. Manuel Viera Construction Co., 136 N.J.L. 650 (Sup. Ct. 1948).
It is of the essence of workmen's compensation legislation that the benefits be paid promptly to injured workmen for their disability, both temporary and permanent. In large measure they substitute for wages at a time when the injured employee and his family would be without other means of sustenance. For this reason the modern judicial abhorrence for piecemeal appeals applies in such litigation with greater emphasis. And so we hold the view that, subject to R.R. 2:2-3(a), a remand at the County Court level in order to accomplish such a final and complete judgment as will dispose of the matter on an eventual appeal, is not reviewable.
The cause will now be prosecuted to final judgment pursuant to the remand and perhaps be made the subject of further review on appeal and cross-appeal thereafter. Consequently it seems advisable in the interest of justice and to expedite the ultimate disposition of the problem to advert to an error in rejecting certain evidence which occurred at the hearing in the Division.
The proof offered at the trial was uncontradicted. Grogan, a resident of Jersey City, N.J., is a metal lather and a member of a Jersey City local of a union in that trade. The local had no hall but did have a business agent in that city.
One evening in January 1954 Grogan received a telephone call at his home from the union agent, in which he was told to report for work for William J. Scully, Inc., at a job in New York City. He said that this was in accordance with *180 the usual procedure. The next morning before 8 A.M., that being the starting time, he went to the designated place. There he met the Scully foreman, who requested his name and asked if any one came with him. Grogan advised him that he "was told to come over to go to work" and the foreman said he was expecting him. Without further ado, Grogan was instructed to go to a particular floor of the building and begin work. There were no formalities of any kind with respect to hiring. He did not have to appear at the Scully office, which apparently was at a different location in New York. The instructions from his union agent were to report directly to the job.
Thereafter, until September 27, 1954, the date of the accident, he continued to work and to receive his wages in New York. However, at the time of the mishap he was working at a location in the city different from that of the original job.
On this evidence the deputy director held that the contract of hire was made in New York, which rendered our compensation law inapplicable. The County Court differed, saying that under the Gomez case, supra, a finding was justified that the union representative was acting as the agent of the employer Scully in offering the employment to Grogan, and that Grogan's act in leaving his home in Jersey City and going to New York constituted acceptance of the offer and brought a New Jersey contract of hire into existence.
It may be noted that in the cited case the proof showed a direct authorization from the proper official of the employer, a stevedore, to the union representative "to send over a couple of gangs" of men "to a specified job in Brooklyn." This was in accordance with the established practice under which, following such request, the union hatch boss selected the men and reported with them for work. On arrival, they were told by the stevedore where they were to work. There was no discussion about wages, hours, etc.; those matters were fixed by the union contract.
The same situation existed in Raiche v. Standard Oil Co., 137 F.2d 446 (8th Cir. 1943), and Daggett v. Kansas City *181 Structural Steel Co., 334 Mo. 207, 65 S.W.2d 1036 (Sup. Ct. 1933), certiorari denied 292 U.S. 630, 54 S.Ct. 640, 78 L.Ed. 1484 (1934), which are relied on by Grogan. There was evidence of direct or implied authority from the employer to the person who selected the workmen.
In the present controversy the union agent did not testify as to how he happened to call Grogan, nor as to the nature of his authorization, if any, from Scully. The union contract was not introduced. It was said that the message from the union agent was the usual procedure. But between whom? Grogan and the agent? Or with Scully? There is nothing to show that Grogan ever worked for the Scully company before, or that the union ever supplied men before, or that the two had any working arrangement covering such a service.
In this connection an effort was made to show "what led up to" his going to work for Scully. Upon objection, the deputy director said: "Who hired him and where? Who hired you and where?" Then, after proving the telephone call from the union agent and that it was the usual procedure, the question:
"You would be hired through the business agent calling you?"
was not allowed.
Manifestly, the hiring practice followed by Scully and the part the union agent played in it with respect to the engagement of employees is a proper subject of inquiry in the framework of this case. When the rehearing is moved the Division, of course, has discretionary authority to reopen the partial judgment, which will be entered on the remand, and receive the proffered proof.
For the reasons stated, the appeal is dismissed.