### THE CITY OF EUREKA v. L. A. MERRIFIELD AND MARY E. MERRIFIELD.

**No. 577.**  ( 58 Pac. 243.)

PLEADING—*Statutory Right—Limitation of Action.*  Where a right of action is derived from a statute, the plaintiff must, in his petition, state facts which clearly bring him within the prescribed requirements necessary to confer such right of action.

Error from Greenwood district court; A. M. JACKSON, judge.  Opinion filed September 16, 1899.  Reversed.

*Hodgson & Hodgson*, for plaintiff in error.

*J. B. Clogston, James Shultz*, and *D. B. Fuller*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This was an action brought by L. A. and Mary E. Merrifield, defendants in error, against the city of Eureka, Kan., plaintiff in error, to recover $10,000 damages for the death of their infant son, whose death, they allege, was caused by the careless-ness and negligence of the plaintiff in error by per-mitting an extension from a privy vault in the rear of a hotel in said city of Eureka to extend and abut upon an alley, and to remain uncovered "save and except by a loose trap-door over the same," and failing to place any guard or railing around the opening to such vault.

The defendant demurred to plaintiffs' petition and, among other grounds of demurrer, alleged that " such petition did not state facts sufficient to constitute a cause of action." The demurrer was overruled, the case tried before a jury, and a verdict returned in fa-vor of plaintiffs, and defendant brings the case here for review.

Plaintiff in error contends that the demurrer should have been sustained because the petition does not al-lege that the action was commenced within two years from the time of the death of the child. If defend-ants were entitled to recover in this action it would be because their cause of action came within the pro-visions of sections 418 and 419 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, §§ 4686, 4687). The statute provides that the action must be brought within two years from the date of death, and, this being true, the petition should have so alleged. See the case of *Hamilton v. H. & St. J. Rld. Co.*, 39 Kan. 56, 18 Pac. 57, where Justice Johnston said :

" It is not alleged nor does it appear that she

brought her action within the allotted time. There is no averment of the time when the action was instituted, and the first pleading filed, as shown by the record, is what is called an amended petition, and it was filed about ten months after the death occurred. In a statutory action like this, where her right is conditional, the plaintiff must bring herself clearly within the prescribed requirements necessary to confer the right of action.''

Counsel for defendants in error seek to avoid the consequences of the omission from the petition of the necessary allegation by saying, in their brief, that the cause was tried in the same court in which a former trial of the same case took place, that the petition in the former action showed that the case was commenced within less than one year after the death of the child, and that the lower court in this action took judicial notice of the time when the action was commenced. All this may be true, but as the original petition is not in the record, we are unable to determine what allegations it contained and of what matters contained therein the court would take judicial notice.

The judgment of the district court will be reversed and the case remanded for a new trial.