Cushing, J.
Plaintiff in error, Charles N. Yeazel, was in the employ of the Big Four Railroad Company as freight conductor. On January 17, 1917, he was taking a cut of freight cars from the company’s yards, north of Cincinnati, to those of the C. & O. railway beyond Covington, Kentucky. After crossing the C. & O. bridge over the Ohio river his train stopped for orders. The engine was about 200 feet from the intersection of Johnson street and the railroad. At this point Yeazel left the train, walked east on Fifth street, and as he was about to enter the saloon at Fifth and Johnson streets observed that his train had started south. He walked rapidly south on Johnson street to catch his train before it crossed that street. It was moving about two miles an hour. The double-track railroad at this point ran from northwest to southeast. Johnson street extended north and south. As Yeazel approached the railroad the safety gates at its right of way were partially down. He passed beyond these gates. Before reaching the outer rail of the northbound track he claims to have looked to the south to see if a train was approaching, and to have listened for an approaching train. He stepped on to the northbound track. Before he had crossed he heard a click, looked to the south and saw a train backing, within thirty feet of him, and before he reached the space between the two tracks he was struck by the train, knocked under his own train and received the injury of which he complains.
*501 The amended petition, on which the case was tried, charged negligence in the following particulars: Failure to properly operate the safety gates, or to give plaintiff warning of the approach of the train by ringing a bell or sounding a whistle; and the operation of the train at a street crossing at a dangerously high rate of speed, thirty miles per hour.
After admitting its corporate capacity, the operation of its train, and that Yeazel was injured about January 17, 1917, the Railroad Company denied all the allegations of the petition, charged that plaintiff was negligent, and pleaded and relied upon the contributory negligence of the plaintiff as a bar to his right of recovery.
On the issue made the testimony of the plaintiff disposes of two questions that were argued at length at this hearing. First: Was the plaintiff one of the class of persons for whose protection the law requires safety gates to be maintained? Second: Was the failure to maintain the gates in a working condition, or to operate them, the proximate cause of the accident and injury?
The testimony to which reference is made is that Yeazel knew that the southbound track was occupied by his own train, so that the gates were not a warning to him that the crossing was being used for railroad purposes at that time; that on reaching, or after he had passed, the gates, and was within three or four feet of the northbound track, he did not rely upon the gates, but looked and listened for an approaching train from the south. The gates could not have been a warning to him. He not only disregarded them, but relied on his own sense of sight *502 and hearing before going upon the track. The refusal, therefore, of the court to admit evidence with reference to the safety gates was not error, and whether he was within the class for whose protection the gates should be maintained is not material in view of the undisputed facts in this case. He did not rely in any way on the gates or on his knowledge that the southbound track was being used by the railroad company for railroad purposes.
The trial court refused to admit evidence as to the speed ordinance of Covington, and also as to whether or not the negligence, of the defendant was wilful and wanton. These questions will be determined by the conclusion as to whether the law of Kentucky or the law of Ohio fixes the plaintiff’s rights and the defendant’s liability, if any, in this case. The rule is that where an action is brought in one jurisdiction for a tort committed in another, all matters relating to the right of action are governed by the lex loci delicti and all matters relating to the remedy by the lex fori. 5 Ruling Case Law, 1036.
It was admitted in argument that the ordinances of the city of Covington would not be admissible in evidence if the case were tried in the state of Kentucky. Evidence tending to impose a liability relates to the right of action and in this case is determined by the law of Kentucky. The attempt to offer in evidence the ordinance in question, sought to bring the case within the rule of Pennsylvania Co. v. McCann, 54 Ohio St., 10. In offering the ordinance in evidence it was sought by applying the rule in Pennsylvania Co. v. McCann to bring the case within the rule announced by the supreme court in *503 Schell v. DuBois, Admr., 94 Ohio St., 93, namely, that the violation of an ordinance passed for the protection of the public is negligence per se. It would not be error to exclude this ordinance if the law of Kentucky is as stated. In the McCann case the supreme court was passing on an act of the general assembly which prescribed the circumstances that shall constitute prima facie evidence of a fact in issue in an action on trial in the courts of this state. The general assembly of Ohio has not passed such a law with reference to the speed of trains, and the holding in the McCann case, that the statute therein questioned was applicable to all cases tried in Ohio, if part of the line extended into this state, is not applicable to this case. Applying the rule lex loci delicti, if there was a cause of action in Kentucky was the defense valid, and did the facts in evidence give rise to a valid cause of action, or establish a valid defense ? These questions could only be determined by the law of the state of Kentucky. (Alexander v. Pennsylvania Co., 48 Ohio St., 623.) Neither the statutes, if there are any, nor the decisions of the courts of Kentucky were offered in evidence, and as the trial court could not take judicial notice of such law there was a failure of proof to establish any action against the defendant company.
In Alexander v. Pennsylvania Company, supra, Bradbury, J., says in the opinion, at page 636:
“If the acts of the parties impose no obligations on the one hand and confer no rights upon the other, where they occur, no good reason is apparent why they should spring into active existence the moment the parties pass into another jurisdiction, where, if *504 they had occurred therein, such relative rights and obligations would have resulted.”
The law of a foreign jurisdiction being a matter of fact should be pleaded and proved. See also Chandler v. St. L. & S. F. Rd. Co., 127 Mo. App., 34.
In Baltimore & O. S. W. Ry. Co. v. Reed, 158 Ind., 25, the court says at page 28:
“Unless the alleged wrong was actionable in the jurisdiction in which it was committed, there is no cause of action which can be carried to and asserted in any other jurisdiction.”
But one point remains for consideration, that is, in the absence of proof of the statute or laws of the state of Kentucky in the trial of an action for an alleged tort committed in that state the presumption arises on the trial of the case in Ohio that the rule in Kentucky is the common-law rule of negligence. Plaintiff’s evidence does not establish that he was guilty of contributory negligence as a matter of law. Whether his statements were true was for the jury, and the trial court erred in directing a verdict for the defendant.
The judgment of the court below will therefore be reversed and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Shohl, P. J., and Hamilton, J., concur.